By the Court.
 

 The storm center of the present re
 
 *303
 
 view is the fact that the defendants’ fee simple title is subject to a five-year lease permitting the removal of certain sand and gravel deposits from 25 acres thereof. ~ Under the amended petition the lessees are no longer parties to this action for the reason that the plaintiff has effected a settlement with them whereby they retain the right to remove sand and gravel upon payment of the stipulated price to the defendants as' the lessors during the unexpired portion of their lease.
 

 The plaintiff insists that the trial court was in error in the admission of evidence and in his charge to the jury relative to the effect of the lease, the sand and the gravel upon the fair market value of the defendants’"farm.
 

 In the first place it is important to note .that the parties are in vigorous disagreement as to the theory of the case. The plaintiff contends that it is appropriate ing merely an easement over the defendants’ land. The defendants insist that the fee is the thing the plaintiff is appropriating, and this was the theory of the trial court. Although this difference is the source of most of the present controversy, a study of the record discloses a definite answer. In' its amended petition the plaintiff itself states' that it is appropriating the defendants’ land “saving and excepting
 
 * * *
 
 the royalties, and only the royalties” accruing to the defendants under the unexpired five-year lease. Then in the plaintiff’s opening statement to the jury appears the following language:
 

 “Now, so there is no misunderstanding, the evidence will clearly show, and I don’t think there is any dispute, ladies and gentlemen, that we are taking the entire property, and the court will instruct you as to our right to do so. We not only are taking the property because of the B. & O. Railroad but because of this property in here, inside of this (indicating on map) you will have a chance to look at this because this map will be introduced, because that is all going to be
 
 *304
 
 flooded. So we are seeking to acquire the entire farm for that reason; and we think the evidence will show you very clearly the fair market value of that farm, at the present time, what it is, how it is arrived at, on the willing buyer and willing seller basis, in the vicinity of Beach City and thereabouts.
 

 “Court: Mr. Arbaugh, in order that the jury may have it clearly in mind exactly what is, taken, I suggest that you repeat or use other words, exactly what the district is seeking to take. As I understand it, it is the whole farm less the right of royalties for a certain period.
 

 “Mr. Arbaugh: We are seeking to appropriate the title to the whole farm, reserving to Mr. Funk the right to receive the sand and gravel royalties that may be earned from that sand and gravel on there for the five year period that Mr. Funk’s lease covers
 
 * *
 

 Surely these statements to the jury and to the court are inconsistent with any theory except appropriation of the fee. But if any doubt can be said to remain it is effectively removed by the journal entry which states that the plaintiff has appropriated the defendants’ land “saving and excepting * * # the royalties, and only the royalties” accruing to the defendants under the unexpired five-year lease. Patently the plaintiff obtained a fee and not a mere easement.
 

 The next disagreement between the parties as to the charge and as to the evidence arises by reason of the presence of the sand and gravel and by reason of the existence of the lease permitting removal thereof. The problem was complicated by the arrangement that the defendant owners were allowed to receive the royalty for any sand or gravel removed during the unexpired period of the lease. Evidence was admitted with reference thereto, and the court charged the jury that in assessing the amount of compensation they must deduct the probable amount of the royalties the defendants would receive under their unexpired lease. Of this the
 
 *305
 
 plaintiff does not complain. However, error is claimed in the admission of evidence as to a new five-year lease entered into between the plaintiff and the original lessees to begin at the expiration of the first. This action was proper because of the plaintiff’s contention that all the sand and gravel will be removed before the expiration of the first lease.
 

 The plaintiff complains also because the court permitted certain witnesses to testify as to the value of the land for farming purposes and also allowed others to testify as to the value by reason of the presence of the sand and gravel and the existence of the lease. The charge of the court was in part as follows:
 

 “In any event you determine, under all the circumstances and all the evidence in this case what you think is a fair, market value for that leasehold interest, using the same rules as you would use in determining the fair market value of the farm itself: What could the same be fairly sold for in case you had a willing purchaser, ready and willing to purchase, and also at the same time a willing seller?
 

 “Now, notwithstanding the difficulties involved, it is necessary for the jury, if you proceed in that manner, to fix a present worth value of that leasehold interest, and deduct that from the total or gross' value of the farm itself.
 

 “Now there has been some evidence in this case in regard to value on sand, probably both as lying under the ground as well as after it has been removed. The court wishes to caution the jury that evidence is presented in order to help you arrive at the ultimate question which you must finally determine, and that is the value of this property which the plaintiff is taking. In no event after you have arrived at a valuation as the court has indicated, could you add an additional amount by reason of sand and gravel to be removed. If that is of value to you in determining the value of the land, it is to be included within that determination.
 
 *306
 
 In other words, that is one of the elements as a building, or had there been an orchard on the farm, it tends to go to show the value of the property itself.”
 

 In view of the unusually complicated circumstances of this case this court is of the opinion that the trial court committed no prejudicial error in this respect or in its refusal to give the plaintiff’s special requests before argument. Of course the general rule as to the amount of compensation is the fair market value of the property actually taken.
 

 The plaintiff further complains that the amount of the jury’s verdict is so excessive as to show that it is based upon passion and prejudice. A careful study of the record discloses a sharp conflict in the opinion evidence of the various witnesses, and of course the matter of credibility was within the province of the jury. This court finds no basis for the claim of bias and prejudice.
 

 The plaintiff also complains that there was misconduct on the part of one- of the jurors on the
 
 voir dire
 
 examination in concealing that part of a certain farm belonging to her father in the state of New Jersey had been taken for a railroad right of way. The record discloses that at the time of the trial of the instant case this' juror was 59 years of age; that her father’s land was taken when she was but 13 years old; that the entire matter was settled out of court; and that she did not hear the conversation with reference to the terms of the settlement. The trial court correctly held that the failure to disclose these remote facts did not constitute misconduct and resulted in no prejudice1 to the plaintiff. '
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Day, Myers and Gorman, JJ., concur.
 

 Zimmerman and Williams, JJ., dissent.