HAKE, APPELLANT, *v.* THE GEORGE WIEDEMANN BREWING CO.,
APPELLEE.

(No. 69-602—Decided September 23, 1970.)

*Messrs. Spraul & Reyering* and *Mr. James Cissell,* for appellant.

*Messrs. Bloom, Greene, Thurman & Uible* and *Mr. Milton M. Bloom,* for appellee.

Leach, J.  The question presented is whether the trial court erred in refusing to apply the rule of *res ipsa loquitur* at the close of plaintiff's case.

It is well established by earlier decisions of this court that *res ipsa loquitur* is a rule of evidence which permits the trier of fact to infer negligence on the part of the defendant from the circumstances surrounding the injury to plaintiff.  (See *Fink* v. *New York Central Rd. Co.* [1944], 144 Ohio St. 1, for a discussion of the concept of *res ipsa loquitur* generally, and see *Soltz* v. *Colony Recreation Center* [1949], 151 Ohio St. 503, for a review of the earlier decisions of this court applying that concept.)

To warrant application of the rule a plaintiff must adduce evidence in support of two conclusions: (1) That the instrumentality causing the injury was, at the time of the injury, or at the time of the creation of the condition causing the injury, under the exclusive management and control of the defendant; and (2) that the injury occurred

under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed. *Glowacki* v. *North Western Ohio Ry. & Power Co.* (1927), 116 Ohio St. 451; *Fink* v. *New York Central Rd. Co., supra*; *Renneckar* v. *Canton Terminal Restaurant* (1947), 148 Ohio St. 119; *Soltz* v. *Colony Recreation Center, supra*; *Krupar* v. *Procter & Gamble Co.* (1954), 160 Ohio St. 489; *Schafer* v. *Wells* (1961), 171 Ohio St. 506. Whether sufficient evidence has been adduced at trial to warrant application of the rule is a question of law to be determined initially by the trial court, subject to review upon appeal. It is prejudicial error for the trial court to direct a verdict for defendant at the close of plaintiff's evidence where the evidence presented warrants the application of the rule. *Hiell* v. *Golco Oil Co.* (1940), 137 Ohio St. 180.

In the instant case, plaintiff presented two witnesses who testified that, on October 11, 1962, they saw a beer keg roll off and fall from an exterior second story stairway platform at premises owned by the Cincinnati Gas & Electric Company. They also saw plaintiff in a contracted position underneath the platform immediately thereafter, and the beer keg lying on the ground nearby. One of those witnesses saw two Wiedemann employees descend the staircase shortly after the barrel rolled off the platform, and both that witness and plaintiff testified that they saw the two Wiedemann employees at the bottom of the staircase shortly thereafter. Plaintiff testified that he was hit by a metal beer keg as he walked out a doorway and underneath the platform. There was extensive testimony with respect to the seriousness of plaintiff's injury.

Defendant admitted ownership of the metal beer keg and the presence of its employees on the premises who were there for the purpose of removing several empty beer kegs from the second story, which kegs were left from a gas company employees' party the night before. However, no witness actually saw the keg being handled by a Wiedemann employee, and defendant argues that proof of this fact is critical to plaintiff's case.

In other words, defendant insists that plaintiff should be required to show exclusive management and control by the defendant of the *particular* beer keg which struck plaintiff during the period *immediately prior* to the time plaintiff was struck in order to warrant application of the rule of *res ispa loquitur* to this case. Plaintiff argues that no such showing is necessary since defense counsel admitted the fact of exclusive management and control during his opening statement to the jury.

During his opening statement, counsel for the defense revealed:

"* * * The evidence will disclose that Mr. Griese and his helper were up on the second floor of the party room at The Cincinnati Gas & Electric Company, where they, the Gas Company employees, had apparently had a party, and had had some beer. The [sic] went to get the empty beer barrel. The evidence will disclose that accidentally Mr. Griese in some manner stubbed his toe, *and he accidentally let the thing slip. He didn't toss it, and he didn't kick it. The evidence will show that it accidentally slipped out of his hands and came down.*" (Emphasis added.)

We agree with plaintiff that defense counsel's opening statement constitutes a judicial admission sufficient to establish exclusive management and control on the part of the defendant at the time of the occurrence of the injury to plaintiff. *Ornella* v. *Robertson* (1968), 14 Ohio St. 2d 144; *Muskingum Watershed Conservancy Dist.* v. *Funk* (1938), 134 Ohio St. 302.

This being so, does the evidence adduced by plaintiff lead to the conclusion that the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed? We believe that it does.

The evidence presented in this case bears a remarkable similarity to that presented in the leading English case with respect to *res ipsa loquitur*. In *Byrne* v. *Boadle* (1863), 2 H. & C. 722, 728, 159 Eng. Rep. R. 299, Pollock, C. B., stated:

"* * * The present case upon the evidence comes to

this, a man is passing in front of the premises of a dealer in flour, and there falls down upon him a barrel of flour. I think it apparent that the barrel was in the custody of the defendant who occupied the premises, and who is responsible for the acts of his servants who had the control of it; and in my opinion the fact of its falling is prima facie evidence of negligence, and the plaintiff who was injured by it is not bound to shew that it could not fall without negligence, but if there are any facts inconsistent with negligence it is for the defendant to prove them.''

The circumstances of the instant case are also similar in nature to those in the case of *Worland* v. *Rothstein* (1943), 141 Ohio St. 501, which are summarized in the first paragraph of the syllabus, as follows:

''The doctrine of *res ipsa loquitur* is applicable in an action to recover damages for personal injuries alleged to have been suffered by reason of the negligence of a window cleaner in dropping a wet sponge and spilling water on the plaintiff, in which action the defendant admits cleaning windows at the time and place alleged by the plaintiff and the plaintiff testifies that after the drenching she looked up and saw a man by the windows, with a bucket tipped.''

We are convinced that the rule of *res ipsa loquitur* applies in the instant case and that the trial court erred in directing a verdict for the defendant at the close of plaintiff's evidence.

Therefore, the judgment of the Court of Appeals, affirming the judgment of the trial court, should be, and hereby is, reversed.

*Judgment reversed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN and CORRIGAN, JJ., concur.*

LEACH, J., of the Tenth Appellate District, sitting for MATTHIAS, J.

---

*CHIEF JUSTICE TAFT participated in this case which was, however, decided after his death.