**JOHNSON et al., Appellants,**

v.

**HAMMOND, Appellee.**

[Cite as *Johnson v. Hammond* (1990), 68 Ohio App.3d 491.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 57000.

Decided July 5, 1990.

492

*Joseph L. Coticchia Co., L.P.A.,* and *Joseph L. Coticchia,* for appellants.

*Reminger & Reminger Co., L.P.A.,* and *James L. Malone,* for appellee.

---

NAHRA, Judge.

Plaintiffs Steve R. Johnson, a minor, and George A. Johnson and Bernice Johnson, Steve's parents and natural guardians, sought damages for medical negligence in performance of a circumcision from defendant Louis E. Hammond, M.D. After plaintiffs rested, the trial court granted defendant's motion for a directed verdict. For the following reasons, we affirm the judgment below.

Steve R. Johnson was born in St. Luke's Hospital on October 16, 1984. Immediately following Steve's birth, defendant Hammond performed a circumcision using a device known as a Gomco clamp. This clamp is ordinarily left in place for three minutes to allow the wound to seal and to prevent bleeding. In this case, the Gomco clamp slipped when it was removed. The wound edges were separated, not sealed, and the wound bled. Defendant sutured around the entire wound. The circumcision resulted in an infection and a cyst.

On October 30, 1985, the plaintiffs commenced an action for negligence against the defendant. The matter was referred to an arbitration panel. Plaintiffs offered no expert testimony at the arbitration hearing. In a two-to-one decision, the arbitration panel awarded plaintiffs $10,000. Defendant filed his notice of nonacceptance of the arbitrators' award and the case was scheduled for trial in the common pleas court.

On the day of the trial, the court held a hearing on whether plaintiffs' case could survive a motion for a directed verdict if the plaintiffs offered no expert medical testimony on the standard of care and skill for a circumcision. For purposes of the hearing, both parties stipulated as to what evidence would be

presented at trial if plaintiffs' case were to proceed on the merits. The lower court concluded that plaintiffs' case could not proceed in the absence of expert medical testimony on the requisite standard of care and, accordingly, dismissed plaintiffs' complaint.

Plaintiffs appealed to this court asserting that the trial court erred by granting defendant's motion for a directed verdict prior to trial. We found that evidence proposed by plaintiffs included expert medical testimony in the form of cross-examination of the defendant physician, and that plaintiffs were therefore entitled to proceed to trial. *Johnson v. Hammond* (1988), 47 Ohio App.3d 125, 547 N.E.2d 1004.

 Upon remand, trial was had and after plaintiffs rested, defendant moved for a directed verdict based on lack of evidence as to the standard of care. The trial court granted the defendant's motion and plaintiffs appealed asserting a single assignment of error:

"The trial court erred by granting defendant's motion for directed verdict."

Civ.R. 50(A)(4) states:

"When granted on the evidence. When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."

It is the duty of the trial court to withhold an essential issue from the jury when there is not sufficient evidence relating to that issue to permit reasonable minds to reach different conclusions on that issue. *Grau v. Kleinschmidt* (1987), 31 Ohio St.3d 84, 90, 31 OBR 250, 255, 509 N.E.2d 399, 404; *O'Day v. Webb* (1972), 29 Ohio St.2d 215, 220, 58 O.O.2d 424, 427, 280 N.E.2d 896, 899. Plaintiffs claim that the circumcision was performed in a negligent manner and that they are entitled to an inference of negligence pursuant to the doctrine of *res ipsa loquitur*. *Res ipsa loquitur* is a rule of evidence which allows, but does not require, the trier of fact to draw an inference of negligence. See *Morgan v. Children's Hosp.* (1985), 18 Ohio St.3d 185, 187, 18 OBR 253, 254, 480 N.E.2d 464, 465–466.

"To warrant application of the rule a plaintiff must adduce evidence in support of two conclusions: (1) That the instrumentality causing the injury was, at the time of the injury, or at the time of the creation of the condition causing the injury, under the exclusive management and control of the defendant; and (2) that the injury occurred under such circumstances that in

the ordinary course of events it would not have occurred if ordinary care had been observed." *Hake v. Wiedemann Brewing Co.* (1970), 23 Ohio St.2d 65, 66, 52 O.O.2d 366, 367, 262 N.E.2d 703, 705.

Defendant conceded that the Gomco clamp was under his exclusive management and control. As to the second requirement of *res ipsa loquitur*, plaintiffs claim that they provided abundant evidence showing that defendant did not perform the circumcision with ordinary care.

■ The doctrine of *res ipsa loquitur* cannot be based solely upon the fact that the treatment was unsuccessful or terminated with poor or unfortunate results. *Oberlin v. Friedman* (1965), 5 Ohio St.2d 1, 8, 34 O.O.2d 1, 5, 213 N.E.2d 168, 173. " * * * [B]efore applying the doctrine of *res ipsa loquitur*, the court must be warranted in taking judicial notice of the fact that the accident does not happen in the ordinary course of events unless there is negligence. * * * Where no probability of negligence is indicated by the mere happening of the accident, the jury should not be permitted to infer negligence without some evidence tending to prove it." *Soltz v. Colony Recreation Ctr.* (1949), 151 Ohio St. 503, 511, 39 O.O. 322, 325–326, 87 N.E.2d 167, 172.

The only evidence provided by plaintiffs regarding ordinary care in the performance of a circumcision consisted of their cross-examination of defendant and deposition testimony of Dr. Frank J. Dzurik, a pediatrician who treated Steve on a number of occasions after the circumcision. Neither doctor testified that the circumcision was not performed with ordinary care. The defendant acknowledged that slipping of the clamp, separation of the wound edges and bleeding do not happen in routine circumcisions. However, defendant testified that, despite those events, the circumcision was normal and did not deviate from the standard of ordinary care. Likewise, Dr. Dzurik testified that the circumcision had satisfactory results. Plaintiffs provided no other evidence, expert or otherwise, regarding the standard of ordinary care in the performance of a circumcision.

Plaintiffs have failed to produce evidence that an injury occurred under such circumstances that, in the ordinary course of events, would not have occurred if ordinary care had been observed. Since plaintiffs have not fulfilled the second requirement of the doctrine of *res ipsa loquitur*, they are not entitled to an inference of negligence.

■ Plaintiffs also argue that, in a medical malpractice case, expert testimony on the standard of care is not necessary where a physician's negligence is so obvious as to be within the comprehension of laymen. In the previous

appeal of this case, we determined that the alleged lack of skill or care of this defendant is not so apparent as to be within the comprehension of laymen requiring only common knowledge and experience to understand and judge it.

Construing the evidence most strongly in favor of the plaintiffs, we believe that the trial court correctly determined that reasonable minds could not conclude that defendant deviated from the proper standard of care in performing the circumcision.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

DYKE, J., concurs.

PATTON, C.J., dissents.

PATTON, Chief Judge, dissenting.

I must respectfully dissent from the majority's finding that the trial court properly granted defendant's motion for directed verdict.

The issue in this case is whether plaintiffs adduced substantial evidence showing that defendant did not perform the circumcision with ordinary care pursuant to the second requirement of the doctrine of *res ipsa loquitur*. This requirement states "that the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed." *Morgan v. Children's Hosp.* (1985), 18 Ohio St.3d 185, 188, 18 OBR 253, 255, 480 N.E.2d 464, 465, citing *Hake v. Wiedemann Brewing Co.* (1970), 23 Ohio St.2d 65, 66, 52 O.O.2d 366, 367, 262 N.E.2d 703, 705. Thus, it is irrelevant, as the majority states, that "[n]either doctor testified that the circumcision was not performed with ordinary care" since the lack of ordinary care is inferred from the circumstances.

Defendant admitted that the circumcision did not go routinely. Defendant admitted that the clamp slipped, causing the circumcision to bleed, and that it was not supposed to bleed. Defendant had to stitch around the entire head of the penis. Defendant admitted that he had performed thousands of circumcisions during his thirty-one years of experience, this was the first time that he had to freehand suture all the way around the head of the child's penis, and this had never happened before.

I agree with the majority's statement that *res ipsa loquitur* is a rule of evidence which allows, but does not require, the trier of fact to draw an

inference of negligence. *Morgan, supra.* In so being, this statement is the crux of the issue as to whether the court correctly rendered a direct verdict in favor of defendant.

A favorable ruling on a motion for a directed verdict is not easily obtained. *Shore, Shirley & Co. v. Kelley* (1988), 40 Ohio App.3d 10, 13, 531 N.E.2d 333, 336–337; *Osler v. Lorain* (1986), 28 Ohio St.3d 345, 347, 28 OBR 410, 412, 504 N.E.2d 19, 21. Evidence must be construed most strongly in favor of the party against whom the motion is made, and where there is substantial evidence to support his side of the case, upon which reasonable minds may reach different conclusions, the motion must be denied. Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination in ruling upon the motion. *Id.; Posin v. A.B.C. Motor Court* (1976), 45 Ohio St.2d 271, 275, 74 O.O.2d 427, 430, 344 N.E.2d 334, 338. The "reasonable minds" test of Civ.R. 50(A)(4) calls upon the court only to determine whether there exists any evidence of substantial probative value in support of the party's claim. *Ruta v. Breckenridge–Remy Co.* (1982), 69 Ohio St.2d 66, 68, 23 O.O.3d 115, 116, 430 N.E.2d 935, 937–938. A motion for a directed verdict raises a question of law because it examines the materiality of the evidence, as opposed to the conclusions to be drawn from the evidence. *Id.*

In the case *sub judice*, it is my considered opinion that, construing the evidence most strongly in favor of plaintiffs, reasonable minds could reach different conclusions as to whether plaintiffs adduced evidence in support of a conclusion that the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed. By granting defendant's motion for directed verdict, the court improperly took the *res ipsa loquitur* issue from the province of the jury.

Accordingly, I would reverse and remand the trial court's decision.