DECISION AND JOURNAL ENTRY
Appellant, Mark Davis, has appealed from a judgment of the Summit County Court of Common Pleas that granted summary judgment in favor of appellee, the city of Akron ("city"), in Davis's personal injury action against it. This Court affirms.
 I.
On February 26, 1996, Davis was in courtroom 801 of the Akron Municipal Court, waiting to appear before the judge regarding a criminal charge against him. Davis sat in the first seat of the last row of the courtroom's public seating without incident. When the bailiff called his name, he left his seat and returned shortly thereafter. As Davis sat down in the chair for the second time, the seat bottom came loose and collapsed to the side, wedging him in the chair. Davis allegedly sustained a back injury as a result.
Davis brought this personal injury suit against the city, alleging that it had been negligent in its maintenance of the chair and that he had sustained injuries as a result. The city moved for summary judgment contending, among other things, that it had not been negligent because it had received no notice, actual or constructive, of any hazard or defect with the seat of this chair. To support this contention, the city attached evidence to establish that, although it was aware that the chairs in the courtroom were old and frequently needed repair, it was not aware of a problem with this or any other chair in the courtroom that would cause the seat to collapse as it did.
Davis opposed summary judgment and, although he attached evidence that the city was aware of repair problems with the chairs throughout the municipal court, he presented no evidence that the city had any notice of a problem with this particular chair or that any chair in the court had collapsed, or could collapse, in this manner.
The trial court granted summary judgment to the city. Davis appeals and raises four assignments of error. Because all of the assigned errors address the propriety of summary judgment, this Court will address them together.
 II.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) [N]o genuine issue as to any material fact remains to be litigated;
 (2) the moving party is entitled to judgment as a matter of law; and
 (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the moving party.
State ex. rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587,589. Doubts must be resolved in favor of the nonmoving party.Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 686. A party moving for summary judgment bears an initial burden of pointing to "some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims." Dresher v.Burt (1996), 75 Ohio St.3d 280, 293. (Emphasis sic.) When a moving party has met this initial burden, the nonmoving party "may not rest on the mere allegations of her pleading, but her response * * * must set forth specific facts showing the existence of a genuine triable issue." State ex rel. Burnes v. Athens Cty. Clerkof Courts (1998), 83 Ohio St.3d 523, 524.
To establish a negligence claim, a party must show the existence of a duty, a breach of that duty, and an injury proximately resulting therefrom. Menifee v. Ohio WeldingProducts, Inc. (1984), 15 Ohio St.3d 75, 77. Where negligence revolves around the existence of a hazard or defect, a duty of reasonable care does not arise unless the defendant has notice, either actual or constructive, of such hazard or defect. Heckertv. Patrick (1984), 15 Ohio St.3d 402, 405.
The city submitted the deposition and affidavit testimony of numerous witnesses on the notice issue: the facilities maintenance manager, a facilities maintenance worker who performed maintenance activities at the court, the municipal court administrator, and the judge and bailiff assigned to courtroom 801. Each of the witnesses testified that they were unaware, prior to Davis's accident, of any problem with that particular chair.
Walter Soergel, the maintenance worker who performed repairs on the courtroom's chairs, further explained that the chairs in the courtroom were all similar. They were theater-type chairs that were connected in a row, so that, according to him, it was virtually impossible for one of these chairs to collapse and fall to the ground. Prior problems with similar chairs typically involved the chairs "teeter[ing] down" which meant that the seat bottom would drop down approximately two inches. Soergel further testified that, as far as he knew, a seat bottom had never fallen by more than a few inches and he had never detected a problem with any of the seats to indicate that a seat bottom could detach and collapse to the side. Several of the city's other witnesses, including the judge and bailiff assigned to courtroom 801, testified that they had no knowledge that any chair in the courtroom could collapse to the side as Davis's seat allegedly did. Thus, the city met its burden under Dresher to point to "some evidence" that it had no notice that the chair was hazardous.
Consequently, the burden shifted to Davis to demonstrate that a genuine issue of material fact remained for trial. Davis asserted in opposition to summary judgment on this basis: (1) that he did not need to prove notice and (2) that, even if proof of notice was necessary, the evidence demonstrated that the city had notice of the hazard.
Davis offered two different arguments for his proposition that proof of notice was not necessary. His first was based on a case in which the defendant created a hazardous condition by the mere placement of a particular type of chair. See Crane v.Lakewood Hosp. (1995), 103 Ohio App.3d 129, 136. Davis offered no evidence, however, that the city created a hazardous condition by the mere placement of this type of chair in the courtroom.
Davis also asserted that proof of notice was not necessary because he should be permitted to establish the city's negligence through the doctrine of res ipsa loquitur. Res ipsa loquitur has been defined as "a rule of evidence which permits the trier of fact to infer negligence on the part of the defendant from the circumstances surrounding the injury to plaintiff." Hake v.Wiedemann Brewing Co. (1970), 23 Ohio St.2d 65, 66. The doctrine is applicable where the instrumentality that caused the injury was, either at the time of the injury or at the time of the creation of the condition causing the injury, (1) under the exclusive management and control of the defendant, and (2) the injury would not have occurred if ordinary care had been observed.Id. at 66-67.
The doctrine of res ipsa loquitur has repeatedly been held inapplicable where the instrumentality causing the injury, often a chair, was located in a public area that many people have access to. See, e.g., Byrne v. Buckeye PH, Inc. (Oct. 21, 1999), Cuyahoga App. No. 74885, unreported, 1999 WL 961488, at *2;Caldwell v. Greek Corp. (Sept. 19, 1997), Lucas App. No. L-96-397, unreported, 1997 WL 586708, at *3-4.
The evidence before the trial court demonstrated that the chairs in courtroom 801 had been used by the public for many years, that there was a lot of "traffic" through the public seating area, and that the chairs were often abused by those sitting in them. Thus, the city did not have exclusive control over the chairs, as contemplated by the res ipsa loquitur
doctrine. Therefore, Davis failed to demonstrate that the doctrine was applicable to this situation.
Davis further argued that, even if he was required to prove that the city had notice, it was not necessary to prove notice of a problem with this particular chair. Because the courtroom chairs were all the same style, he asserted, it was sufficient for him to establish that the city had notice of problems with other chairs. Even if notice of similar problems with similar chairs was sufficient to establish notice, Davis failed to do that. The city submitted evidence that it knew of no similar problems with any of its courtroom chairs, not just this particular chair. To demonstrate that there was a genuine issue of fact on this issue, Davis had the burden of presenting evidence to contradict the city's evidence.
Davis failed to point to any contradictory evidence and, hence, failed to meet his burden on summary judgment. Davis submitted evidence that the city was aware of problems with the aging theater-type chairs in the municipal court and that the chairs frequently needed to be repaired. Davis presented no evidence, however, that the city had any notice that the chair in which he sat, or any chair in courtroom 801, could collapse in the manner his chair did.
Because Davis failed to raise a genuine issue of material fact, summary judgment for the city was proper. Davis's assignments of error are overruled.
 III.
Davis's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BETH WHITMORE FOR THE COURT BAIRD, P.J., BATCHELDER, J., concur.