OPINION
Marcia S. Essig, plaintiff-appellant, appeals a judgment of the Franklin County Court of Common Pleas granting a motion for summary judgment in favor of Sara Lane Corp., dba The Maids of Columbus ("The Maids"), defendant-appellee.
The Maids is a corporation engaged in providing residential cleaning services. In 1998, appellant hired The Maids to clean her house every other week. She gave them a key to her house so they could access it while she was not at home. Between May 6, 1998 and September 23, 1998, The Maids cleaned appellant's home on eleven separate occasions.
From August 3 to August 14, 1998, appellant was on vacation. While on vacation, The Maids cleaned her house on one occasion, August 12, 1998. To appellant's knowledge, the only other person who entered her home while she was on vacation was her husband, Garth Essig, from whom she is separated. Mr. Essig had a key to the home and entered the home numerous times to care for appellant's dog and cat during the time she was on vacation. When appellant returned from vacation on August 14, she discovered three pieces of jewelry missing from her jewelry box — her gold wedding band, a gold solitaire engagement ring set with a .98-carat diamond, and a gold pendant set with a .54-carat diamond.
Mr. Essig averred that he did not take the jewelry. When informed by appellant about the missing jewelry, The Maids also denied responsibility. A representative of The Maids advised appellant to file a police report, which she filed with the Upper Arlington Police Department on September 19, 1998. None of the four employees of The Maids who had worked in appellant's home were charged with the theft of appellant's jewelry.
On January 7, 1999, appellant filed a complaint against The Maids alleging claims for conversion and negligent hiring, training, and supervision. On October 12, 1999, The Maids filed a motion for summary judgment. The Maids argued that appellant could not maintain her action for conversion because there were numerous people who had access to the house besides The Maids, and she was unable to demonstrate who took the jewelry. The Maids also asserted that, assuming arguendo, appellant could demonstrate that an employee of The Maids took the jewelry, it could not be held vicariously liable for the conversion because the conversion would have been an intentional act that could not be deemed to have occurred within the scope of employment. Further, The Maids contended that it could not be found liable for negligent hiring because it had no knowledge of any criminal background or propensities of the four employees who had cleaned appellant's house and had no duty to appellant to conduct background checks. The Maids also argued that it could not be liable for negligent supervision, training, and discipline because there was no evidence that it had failed to adequately train the employees.
On November 10, 1999, appellant filed a memorandum contra The Maids' motion for summary judgment. Appellant argued that there remained a genuine issue of material fact as to whether the employees were acting within the scope of their employment at the time of the conversion. Appellant further asserted that there was still a genuine issue of material fact as to whether one of the employees negligently misplaced, swept, or "misappropriated" her jewelry, even if no conversion took place. Appellant also asserted the doctrine of res ipsa loquitur to prove negligence on behalf of The Maids. Further, appellant claimed that there remained a genuine issue of material fact as to whether The Maids negligently supervised, hired, and trained its employees.
On December 6, 1999, the trial court issued a decision and entry granting The Maids' motion for summary judgment. The trial court found that The Maids presented evidence demonstrating that there was no evidence that an employee of The Maids' converted the jewelry, and appellant presented no probative evidence to the contrary. The trial court also found that reasonable minds could only conclude that The Maids could not be vicariously liable for an employee's theft, assuming arguendo,
that one of The Maids' employees was responsible because such an act would have occurred outside the scope of employment and not to facilitate The Maids' business. The court further found there was no evidence that The Maids had actual knowledge of the incompetence of any of its employees and, thus, no viable claim of negligent hiring, supervision, training, or discipline could be established.
Appellant appeals the trial court's judgment, asserting the following assignment of error:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANTS IN LIGHT OF NUMEROUS DISPUTED MATERIAL FACTS.
Appellant argues in her assignment of error that the trial court erred in granting The Maids' motion for summary judgment. Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367,369-370. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court."Mergenthal v. Star Banc Corp. (1997), 122 Ohio App.3d 100, 103.
In Dresher v. Burt (1996), 75 Ohio St.3d 280, the Supreme Court of Ohio explained the respective burdens of parties when a motion for summary judgment is filed. The Supreme Court stated that the moving party, on the grounds the nonmoving party cannot prove its case, has the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claim. The moving party cannot discharge its initial burden under the rule with a conclusory assertion that the nonmoving party has no evidence to prove its case. Kulch v.Structural Fibers, Inc. (1997), 78 Ohio St.3d 134, 147; Dresher,supra, at 293. Rather, the moving party must specifically refer to the "pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any," which affirmatively demonstrate that the nonmoving party has no evidence to support its claims. Civ.R. 56(C); see, also, Dresher, supra, at 293. Once the moving party satisfies its initial burden by affirmatively demonstrating that the nonmoving party lacked the evidence to support its claims, the nonmoving party is required to set forth specific facts showing that there is indeed a genuine issue. Dresher, supra, at 293. In accordance with Civ.R. 56(E), "a nonmovant may not rest on the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Chaney v. Clark Cty. AgriculturalSoc., Inc. (1993), 90 Ohio App.3d 421, 424.
In order to prevail on a claim of civil conversion, the plaintiff has the burden of proving by a preponderance of the evidence that the defendant wrongfully exercised dominion and control over property in exclusion of or inconsistent with the plaintiff's rights. Joyce v. General Motors Corp. (1990), 49 Ohio St.3d 93,96. In finding that genuine issues of material fact exist, appellant relies upon inferences that she claims can be drawn from circumstantial evidence. Appellant first asserts that "circumstantial evidence powerfully allows an inference to be drawn that it was only The Maids that could have been involved in the loss suffered by [appellant] in this case." We disagree.
The Maids affirmatively demonstrated that appellant has no evidence to support her claim that any of The Maids' employees took the jewelry. At appellant's September 8, 1999 deposition, the following exchange took place:
Q. Do you know who took this jewelry?
A. No.
Appellant also testified at her deposition that the Upper Arlington Police Department investigated the incident and spoke with the four employees who cleaned her house. However, she testified that none of the individuals were arrested or charged with regard to the incident. Further, there were other individuals besides The Maids who had copies of the key to appellant's house. Appellant testified at her deposition that her sixteen-year-old daughter, who lives with her, her twenty-three-year-old son, and her twenty-six-year-old son also have keys to the house. Although appellant has presented an affidavit executed by her husband, from whom she is separated and who also has a key, averring that he did not take the jewelry, this is insufficient to demonstrate that an employee of The Maids did take the jewelry. The record is simply devoid of evidence that implicates any employee of The Maids in the conversion of the jewelry. Thus, we find that, even construing the evidence most strongly in favor of appellant, appellant has failed to present any evidence demonstrating a genuine issue of material fact that an employee of The Maids wrongfully exercised dominion and control over the property in question.
Despite the lack of any evidence with regard to the claim of conversion, appellant asserts that "it is just as likely that they unintentionally misplaced, swept-up, or misappropriated Marcia Essig's valuables." However, as with the claim for conversion, any claim for negligence in this respect fails under the same analysis. To establish a negligence claim, a party must show the existence of a duty, a breach of that duty, and an injury proximately resulting therefrom. Menifee v. Ohio Welding Products,Inc. (1984), 15 Ohio St.3d 75, 77. Appellant fails to present any evidence that an employee of The Maids "unintentionally misplaced, swept-up, or misappropriated" her jewelry. To the contrary, the record demonstrates that no reasonable mind could come to the conclusion proposed by appellant. Appellant testified that the three pieces of jewelry were in a jewelry box on top of her dresser. All three items were in the same closed top drawer of the three-drawer jewelry box. Any theory as to how only these three items could be missing from the jewelry box as a result of unintentional misplacement or usual cleaning practices by The Maids would be purely speculative and unsupported by anything in the record. Thus, appellant has failed to present any evidence to establish the "breach" element of negligence. Therefore, this argument is without merit.
Appellant next asserts that even if negligence cannot be shown directly, res ipsa loquitur provides an independent means with which to infer negligence upon The Maids. Res ipsa loquitur
has been defined as "a rule of evidence which permits the trier of fact to infer negligence on the part of the defendant from the circumstances surrounding the injury to plaintiff." Hake v.Wiedemann Brewing Co. (1970), 23 Ohio St.2d 65, 66. The doctrine is applicable where the instrumentality that caused the injury was, either at the time of the injury or at the time of the creation of the condition causing the injury: (1) under the exclusive management and control of the defendant; and (2) the injury would not have occurred if ordinary care had been observed.Id. at 66-67. However, res ipsa loquitur does not apply, "'* * * where the facts are such that an inference that the accident was due to a cause other than defendant's negligence could be drawn as reasonably as that it was due to his negligence.'" Jennings Buick,Inc., v. Cincinnati (1980), 63 Ohio St.2d 167, 172, quoting Loomisv. Toledo Rys. Light Co. (1923), 107 Ohio St. 161, 169-170. In the present case, as explained with regard to the claim for conversion, there was no evidence that the employees of The Maids were responsible for the disappearance of the jewelry. Clearly, it is just as reasonable that the jewelry was missing as a result of some other cause than due to the negligence of The Maids. The Maids and its employees were not in the exclusive possession of the jewelry box, the contents of the jewelry box, or appellant's house during the period that the jewelry could have been taken, "misplaced," or "misappropriated." Therefore, appellant's attempt to use res ipsa loquitur must fail.
Appellant next contends that The Maids was negligent in the hiring, retention, and supervision of its employees. The party seeking to prevail on a claim for the negligent hiring, supervision and retention of an employee by an employer must show: (1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the employee's act or omission causing the plaintiff's injuries; and (5) the employer's negligence in hiring or retaining the employee as the proximate cause of plaintiff's injuries. Ruta v. Breckenridge-Remy Co.
(1982), 69 Ohio St.2d 66, 69; Evans v. Ohio State Univ. (1996),112 Ohio App.3d 724, 739. Appellant has failed to satisfy the fourth element with regard to a claim for negligent hiring, supervision, and retention of an employee. Because appellant cannot demonstrate that The Maids' employees were connected with the missing jewelry, no reasonable mind could come to the conclusion that The Maids' employee's act or omission caused appellant's injuries. Therefore, this argument is without merit. Appellant's assignment of error is overruled.
For the reasons set forth above, we find that the trial court did not err in granting The Maids' motion for summary judgment. Appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
 ________________________ BROWN, J.
BOWMAN, P.J. and KENNEDY, J., concur.