JOURNAL ENTRY AND OPINION.
The Cuyahoga Metropolitan Housing Authority, a political subdivision of the State of Ohio and owner of the Addison Square apartment building located at 7400 Wade Park in Cleveland, Ohio, appeals from a judgment of the Cleveland Municipal Court entered pursuant to a jury verdict finding in favor of Dorothy Chambers for injuries she sustained when a hot water pipe burst in her apartment and burned her feet. CMHA complains on appeal the jury did not follow the instructions concerning negligence of an employee, the court erroneously denied its motion for directed verdict, and the verdict is against the manifest weight of the evidence. After a review of the facts and the law, we affirm the judgment of the trial court.
The record reveals that in the early morning hours of January 20, 1997, Mrs. Chambers awoke to find her apartment filled with what she believed to be smoke. She got out of bed and ran through her apartment to her patio only to discover a hot water pipe had burst and had covered the floor with scalding water.
On January 14, 1999, Mrs. Chambers filed an action against CMHA in the amount of $10,000 for property damage and for personal injuries. Thereafter, CMHA filed a motion for summary judgment. The court granted it in part dismissing the claim for property damage based on a release signed by the parties.
On June 22, 2000, the case proceeded to trial on the sole issue of personal injuries. Mrs. Chambers' testified that as a result of this incident she burned her feet and could not wear shoes. Mrs. Chambers testified she initially tried home remedies and ointments provided by her friends to treat the burns. Then, two weeks later, she sought medical treatment and Dr. Agdinaoay prescribed an ointment for the burns. However, at trial, she testified her feet continue to feel hot and to swell when she wears shoes or walks too much.
Next, Claude Hill, a resident of Addison Square, testified he occasionally assisted the custodian, Cornelius Ellis, with maintenance. He received a telephone call from Mr. Ellis requesting his assistance to clean up Mrs. Chambers' apartment. Mr. Hill said he needed rubber boots and gloves to aid in the clean up because the water was so hot. Further, he saw a broken pipe in the wall and counted three rubber boots used to patch the pipe in the wall. However, he did not know who installed the rubber boots.
Next, Ms. Thelma Phillips testified Mrs. Chambers called her to the apartment. When she stepped into the apartment, hot water soaked through her shoes. She also observed that Mrs. Chambers' feet were red and that she had been crying. Ms. Tribs Stewart corroborated Ms. Phillips' testimony and added that she gave Mrs. Chambers a tube of steroidal ointment for Lupus to soothe the burns on her feet, which had started to blister. Finally, Willie Pace testified that he arrived forty-five minutes after Mrs. Chambers called him. The water still felt warm, and he observed Mrs. Chambers in pain with red and swollen feet.
After Mrs. Chambers rested, the CMHA moved for directed verdict, but the court denied it. CMHA did not offer any witnesses. After closing arguments, the court charged the jury and included an instruction for negligence. After deliberation, the jury returned a verdict in favor of Mrs. Chambers and awarded her $5,165 in damages. The court then journalized the decision, and CMHA appeals from that decision and raises three assignment of error. The first states:
 I. THE JURY'S DECISION WAS ERRONEOUS BECAUSE THE JURY DID NOT FOLLOW THE JURY INSTRUCTION THAT THEY MUST FIND NEGLIGENCE OF AN EMPLOYEE OF THE APPELLANT BEFORE THEY COULD IMPOSE LIABILITY.
CMHA argues the jury disregarded the jury instruction which required Mrs. Chambers to present evidence of negligence in order to hold it liable for her injuries. Mrs. Chambers maintains that the pipes were under CMHA's control and that she presented circumstantial evidence of negligence. Thus, the issue concerns whether the jury disregarded the jury instructions.
We begin by noting the court instructed the jury on the following:
 Any fact in this case maybe proven by either direct or circumstantial evidence. * * * Circumstantial evidence * * * is proof of facts by direct evidence from which you may [infer] a fact in question.
* * *
 * * * [T]here is a request for an additional instruction, and I have to give it, and another instruction that has to do with negligence. And that negligence or that instruction has to deal with the fact that the defendant is a governmental entity, and there is a different burden placed on it because it is a governmental entity. The Defendant, Cuyahoga Metropolitan Housing, is a political subdivision of the State of Ohio. It is liable if its employee causes damage by his negligent performance of an act or acts within the scope of his employment for a proprietary function of that political subdivision.
We believe this case involves res ipsa loquitur, and in Hake v. TheGeorge Wiedemann Brewing Co. (1970), 23 Ohio St.2d 65, the Ohio Supreme Court explained it as follows:
 It is well established by earlier decisions of this court that res ipsa loquitur is a rule of evidence which permits the trier of fact to infer negligence on the part of the defendant from the circumstances surrounding the injury to plaintiff. * * *. (Citations omitted.)
 To warrant application of the rule a plaintiff must adduce evidence in support of two conclusions: (1) that the instrumentality causing the injury was, at the time of the injury, or at the time of the creation of the condition causing the injury, under the exclusive management and control of the defendant; and (2) that the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed. * * *. Whether sufficient evidence has been adduced at trial to warrant application of the rule is a question of law to be determined initially by the trial court, subject to review upon appeal. It is prejudicial error for the trial court to direct a verdict for defendant at the close of plaintiff's evidence where the evidence presented warrants the application of the rule. * * *. (Citations omitted.)
In the instant case, Mr. Hill testified that although he did not see Mr. Ellis install the rubber boots, he is CMHA's custodian. Mr. Hill worked with Mr. Ellis during the clean up, and after the pipe burst. At the time the pipe burst, water covered the floor of Mrs. Chambers' apartment and she suffered injury, CMHA had exclusive management of the building and control of the pipes. Further, Mr. Hill saw a broken pipe and three rubber boots covering a pipe in the wall. This incident would not have occurred if CMHA had exercised ordinary care to keep the pipes in good repair. Thus, a jury could infer negligence on the part of CMHA from the evidence Mrs. Chambers presented. Therefore, we cannot conclude the jury disregarded the court's instructions. Accordingly, this assignment of error is not well taken and is overruled.
 II. THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT'S MOTION FOR A DIRECTED VERDICT BASED ON THE PLAINTIFF'S FAILURE TO PRESENT EVIDENCE OF NEGLIGENCE, WHICH SHE IS REQUIRED TO DO PURSUANT TO O.R.C. 2744.01, ET. SEQ.
CMHA concedes it engaged in a proprietary function, an exception to R.C. 2744.01, the sovereign immunity statute. However, it urges Mrs. Chambers failed to prove any negligence, and the court erred when it denied CMHA's motion for directed verdict. Mrs. Chambers counters the court properly denied CMHA's motion for directed verdict because it had exclusive control of the apartment building. We need go no further with this assignment of error because according to Hake, the trial court would have committed prejudicial error if it had directed a verdict in favor of CMHA where the evidence presented by Mrs. Chambers warrants application of res ipsa loquitur.
 III. THEY JURY'S DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
CMHA urges Mrs. Chambers failed to prove negligence, and the jury verdict is against the manifest weight of the evidence. Mrs. Chambers maintains that it is not. Thus, the issue here concerns whether the judgment in favor of Mrs. Chambers is against the manifest weight of the evidence.
In Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, the court stated that the "court of appeals [should] be guided by a presumption that the findings of the trier-of-fact were indeed correct. In C.E. MorrisCo. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, the court stated in its syllabus:
 Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.
In this case, Mrs. Chambers testified she awoke and found her apartment filled with smoke and scalding water because a hot water pipe burst. Further, she suffered injury to her feet which continue to feel hot and to swell when she wears shoes or walks too much. Next, Mr. Hill testified that he helped Mr. Ellis remove scalding water and a water-logged rug from Mrs. Chambers' apartment. Further, he saw the broken pipe and counted three rubber boots in the wall after the repairs had been made. Finally, Mrs. Phillips, Mrs. Stewart and Mr. Pace observed Mrs. Chambers at different times and testified that she was crying and that her feet were red and swollen.
Upon review of the record, we have concluded some competent, credible evidence exists to support the jury decision and, therefore, in accord with C.E. Morris, we will not disturb the jury verdict on appeal. Accordingly, this assignment of error is not well taken.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, A.J., and TIMOTHY E. McMONAGLE, J., CONCUR.