[Cite as *Kingsley v. Ohio Dept. of Transp.*, 2010-Ohio-1957.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SHARON KINGSLEY

Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2009-08373-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION

{¶ 1} Plaintiff, Sharon Kingsley, filed this action against defendant, Department of Transportation (ODOT), contending that her 1995 Dodge Intrepid was damaged as a proximate cause of negligence on the part of ODOT in maintaining a construction sign on Interstate 77 in Cuyahoga County. Plaintiff pointed that out she was traveling on Intestate 77 on September 28, 2009 at approximately 10:50 a.m., when "[a]n orange construction sign blew across 77 N. bound lane near the Brecksville exit and hit the front of my car damaging the bumper, grill, hood and radiator (and) lights." Plaintiff requested damages in the amount of $2,280.76, representing automotive repair expenses and related costs. Plaintiff submitted the $25.00 filing fee and she seeks reimbursement of that cost along with her damage claim. Photographs depicting the body damage to the 1995 Dodge Intrepid were submitted.

{¶ 2} Additionally, plaintiff submitted a handwritten statement from Charles Rutherford, a passenger in plaintiff's car and an eyewitness to the September 28, 2009 property damage occurrence. Rutherford recalled seeing plaintiff's car struck by "a large orange sign" while traveling on Interstate 77 "almost directly at Route 82 which is

Broadview Heights exit." Rutherford pointed out that the damage-causing sign "blew across the highway from the center strip (roadway median)." Rutherford noted that the area where the incident occurred was under construction and orange traffic control barrels were aligned along the roadway. Rutherford related that the "sign was an orange diamond shape (and) [t]here were strong winds" on the day of the damage incident. Rutherford further related that "[t]he car in front of us was a Broadview Hts police car who made a notation in their computer for that day but didn't want to make a report." In her complaint, plaintiff recorded that a "[p]olice report (was) filed by Broadview Hts. Sgt. after I exited (the) highway at the next exit" on Interstate 77. Also, in her complaint, plaintiff recorded that a police report of the September 28, 2008 damage incident is available at the Broadview Heights Police Department. A police report was not submitted with plaintiff's complaint.

{¶ 3} Defendant acknowledged that the area where plaintiff's described damage event occurred was located within a construction zone maintained by ODOT contractor, Kokosing Construction Company, Inc. (Kokosing). Defendant related that the construction project "dealt with grading, draining and paving with asphalt concrete to thirteen (13) structures on I-77" in Cuyahoga County between mileposts 148.98 to 155.55. From plaintiff's description, defendant located plaintiff's incident at milepost 149.70. Defendant asserted that Kokosing, by contractual agreement, was responsible for maintaining the roadway within the construction area. Therefore, ODOT argued that Kokosing is the proper party defendant in this action, despite the fact that all construction work was to be performed in accordance with ODOT requirements, specifications, and approval. Defendant also pointed out that an ODOT Project Engineer maintained an onsite presence. Defendant implied that all duties, such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway.

{¶ 4} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff

has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 5} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. The duty of ODOT to maintain the road in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contentions that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

{¶ 6} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. Alternatively, defendant denied that neither ODOT nor Kokosing had notice of a problem with a sign at milepost 149.70. Defendant related that ODOT

"records indicate that complaints (copies submitted) were received for I-77 in the construction field and for damage from signs but they were not in the same location as Plaintiff Kingsley's incident." The ODOT records show complaints about signs on Interstate 77 were filed by motorists on August 10, 2009, August 19, 2009 and July 2, 2009. These complaints about signs were not at the same approximate location as plaintiff's damage event.

{¶ 7} Defendant submitted a copy of the Broadview Heights Police Department "Service Report" compiled when plaintiff reported that her vehicle had been damaged by a wind blown road sign while she was traveling on Interstate 77 "at 82." The "Service Report" was entered at 10:56:57 a.m. on Monday, September 28, 2009. It was noted in the report that the damage observed on plaintiff's car "is consistent with being hit by a sign but there is no sign on the interstate that had been knocked down."

{¶ 8} Defendant also submitted a copy of an e-mail from ODOT employee, Peter McHugh regarding his research of the project records for September 28, 2009 in the vicinity of plaintiff's damage occurrence. McHugh reported: "On September 28, 2009, a right lane closure was in place on I-77 northbound from Oakes Road to Valley Parkway. The lane closure was set up at 10:00 a.m. Advanced warning signs were in place for this lane closure. Advanced warning signs consist of 3 sets of orange, diamond shaped signs. The weather records show that the winds were high this day, with average wind speeds of 19 mph and gusts up to 47. Our records do not show that a sign was missing." Additionally, defendant submitted an e-mail from Kokosing Claims Specialist, Pamela LeBlanc, concerning her own investigation in reference to signage utilized by Kokosing on September 28, 2009. LeBlanc reported inquiries were made of the Kokosing daytime Traffic Supervisor and the Foreman of the crew responsible for the particular area of Interstate 77 on September 28, 2009. LeBlanc wrote "[t]hey were both unaware of any damaged signs, or any incidents around the date in question."

{¶ 9} Defendant asserted that plaintiff has failed to offer sufficient evidence to prove that her property damage was attributable to any conduct on either the part of ODOT or Kokosing. Defendant further asserted that plaintiff failed to prove her property damage was caused by negligent maintenance. Furthermore, defendant contended that "the evidence indicates that neither ODOT nor Kokosing Construction Company were aware of signs blowing around on I-77 which [p]laintiff struck."

{¶ 10} In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether ODOT acted in a manner to render the highway free from an unreasonable risk of harm to the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112. In fact, the duty to render the highway free from an unreasonable risk of harm is the precise duty owed by ODOT to the traveling public both under normal traffic conditions and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462; *Rhodus*, 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 11} Ordinarily in a claim involving roadway defects, plaintiff must prove that either: 1) defendant had actual or construction notice of the defective condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively cause such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Although defendant's contractor created certain conditions by installing lane closure and advance warning signs on Interstate 77 on September 28, 2009, plaintiff has the burden to prove defendant's agents created a dangerous condition when the signs were installed.

{¶ 12} Plaintiff filed a response asserting Kokosing did not properly "secure the signs" on September 28, 2009. Plaintiff argued the doctrine of res ipsa loquitur should apply under the facts of this claim and consequently, she should prevail. Plaintiff contended that the damage to her car would not have occurred under such circumstances had ordinary care been observed in regard to sign installation.

{¶ 13} Res ipsa loquitur has been defined as a "rule of evidence which permits the trier of fact to infer negligence on the part of defendant from the circumstances surrounding the injury to plaintiff." *Hake v. Wiedemann Brewing Co.* (1970), 23 Ohio St. 2d 65, 66, 52 O.O. 2d 366, 363 N.E. 2d 703. The doctrine is applicable where the instrumentality that caused the injury was, either at the time of the injury or at the time of the creation of the condition causing the injury, (1) under the exclusive management

and control of defendant, and (2) the injury would not have occurred if ordinary care had been observed, *Hake*, at 66-67.

{¶ 14} The doctrine has limited application, however, as stated in *Jennings Buick, Inc. v. Cincinnati* (1980), 63 Ohio St. 2d 167, at 172, 17 O.O. 3d 102, 406 N.E. 2d 1385:

{¶ 15} "The maxim res ipsa loquitur relates merely to negligence prima facie and is available without excluding all other  possibilities, but it does not apply where there is direct evidence as to the cause, or where the facts are such that an inference that the accident was due to a cause other than defendant's negligence could be drawn as reasonably as that it was due to his negligence. * * *"

{¶ 16} "Where it has been shown by the evidence adduced that there were two equally efficient and probable causes of the injury, one of which is not attributable to the negligence of defendant, the rule of res ipsa loquitur does not apply." *Jennings*, at 171. Where the trier of fact cannot reasonably find one of the probable causes more likely than the other the doctrine of res ipsa loquitur is inapplicable. *Jennings*.

{¶ 17} Assuming plaintiff's car was damaged by a sign maintained by Kokosing and subject to ODOT inspection (these facts remain in dispute) the doctrine of res ipsa loquitur does not apply to the facts of the instant claim.  Evidence has shown that high velocity wind gusts upwards of 47 mph were measured in the area of plaintiff's September 28, 2009 incident.  Plaintiff related that her car was struck by a sign that "blew across the highway."  Plaintiff did not provide any evidence to suggest the sign was in disrepair or improperly installed.  It is well settled Ohio law that if an "Act of God" is so unusual and overwhelming as to do damage by its own power, without reference to and independently of any negligence by defendant, there is no liability.  *Piqua v. Morris* (1918), 98 Ohio St. 42, 49, 120 N.E. 300.  The term "Act of God" in its legal significance, means any irresistible disaster, the result of natural causes, such as earthquakes, violet storms, lightening and unprecedented floods. *Piqua*, at 47-48.  In refusing to apply the doctrine of res ipsa loquitur to the facts of the instant claim, the court finds plaintiff's damage could have been proximately caused by a force of nature, high velocity wind gusts, as opposed to any negligent act or omission on the part of defendant or its agents.

{¶ 18} "If any injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending

circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327. Plaintiff has failed to offer proof that her property damage was connected to any conduct under the control of defendant, that defendant was negligent in maintaining the construction area, or that there was any negligence on the part of defendant or its agents. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD. Consequently, plaintiff's claim is denied.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SHARON KINGSLEY

Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2009-08373-AD

Clerk Miles C. Durfey

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth

in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
MILES C. DURFEY
Clerk

Entry cc:

Sharon Kingsley
12113 Erwin
Cleveland, Ohio 44138

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

RDK/laa
12/22
Filed 1/8/10
Sent to S.C. reporter 4/30/10