DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas which entered judgment for appellee. For the reasons stated herein, this court affirms, in part, and reverses, in part, the judgment of the trial court.
 {¶ 2} The following facts are relevant to this appeal. Appellant, Michael J. Klein ("Michael"), was injured on September 28, 1998, at a construction site when a concrete block wall fell on him. At the time of the accident, Michael was employed by Midwest Church Construction Company ("Midwest"), a general contractor. On February 23, 2000, Michael and his wife, appellant Karen Klein ("Karen"), filed a complaint. In their complaint appellants alleged that an employee of Brothers Masonry, Inc. ("Brothers") negligently operated a forklift in such a way as to cause a concrete block wall to fall on Michael, causing Michael severe and permanent injuries. The case proceeded to trial on November 27, 2001. After appellants presented their case, Brothers moved for a directed verdict on several grounds. As to appellants' claim of negligence based upon an allegation that Brothers negligently operated the forklift, the trial court found that there was no evidence presented that showed or tended to prove that the operator of the forklift operated it without due care and granted a directed verdict as to appellants' claim of negligent operation of the forklift. The trial court denied Brothers' motion as to appellants' claim of negligent bracing of the wall and failure to establish a limited access zone. Brothers presented its defense and appellants presented a witness in rebuttal. On November 30, 2001, the jury returned a verdict for Brothers. The judgment entry on this verdict was journalized on December 14, 2001.
 {¶ 3} On December 27, 2001, appellants filed a motion for judgment notwithstanding the verdict or, in the alternative, a motion for a new trial. Brothers filed a memorandum in opposition on January 10, 2002 and appellants filed a reply memorandum on January 18, 2002. On March 4, 2002, the trial court denied appellants' motions. Appellants filed a timely notice of appeal.
 {¶ 4} Appellants set forth the following assignments of error:
 {¶ 5} "I. ASSIGNMENTS OF ERROR
 {¶ 6} "A. The Trial Court Erroneously Denied Plaintiffs' Motion For Judgment Notwithstanding The Verdict Or, In The Alternative, For A New Trial.
 {¶ 7} "1. The Trial Court Erred In Granting Defendant's Motion For Directed Verdict Upon Plaintiffs' Claim For Defendants' Negligent Operation Of The Forklift That Knocked Down The Wall.
 {¶ 8} "2. The Trial Court Erroneously Instructed The Jury That Plaintiff And Defendant Were `Jointly Responsible' Under29 C.F.R. § 1926.16.
 {¶ 9} "3. The Trial Court Erroneously Instructed The Jury That The Wall Was "Adequately Supported" Under 29 C.F.R. § 1926.706(b).
 {¶ 10} "4. The Trial Court Erroneous Jury Instructions, Combined With Its Error As To Plaintiffs' Claim for Defendant's Negligent Operation Of A Forklift, Mandate At New Trial upon All Issues.
 {¶ 11} "5. The Jury's Verdict, And The Judgment Entered Thereon, Were Against The Manifest Weight of The Evidence.
 {¶ 12} "6. The Admission Of Defendant's Exhibit A Into Evidence Was Erroneous and Prejudicial."
 {¶ 13} All of appellants' arguments are directed toward their assertion that the trial court erred in denying their motion for judgment notwithstanding the verdict or, in the alternative, a motion for a new trial. Motions for judgments notwithstanding the verdict are governed by Civ.R. 50(B). The standard for granting such a motion is the same as the standard for a motion for a directed verdict. Nickell v. Gonzalez
(1985), 17 Ohio St.3d 136, 137, citing Ayers v. Woodward (1957),166 Ohio St. 138, paragraph one of the syllabus. In considering a judgment notwithstanding the verdict, the evidence adduced at trial and the facts established by admissions in the pleadings and in the record must be construed most strongly in favor of the party against whom the motion is made. Osler v. Lorain (1986), 28 Ohio St.3d 345, 347. Where there is substantial, competent evidence upon which reasonable minds may reach different conclusions, the motion must be denied. Id. "Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination * * *." Id. quoting Posin v. A.B.C. Motor CourtHotel, Inc. (1976), 45 Ohio St.2d 271, 275.
 {¶ 14} Appellants' motion for a new trial was based on the following grounds of Civ.R. 59(A):
 {¶ 15} "(1) Irregularity in the proceedings of the court, jury, magistrate, or prevailing party, or any order of the court or magistrate, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial;
 {¶ 16} "* * *
 {¶ 17} "(6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;
 {¶ 18} "(7) The judgment is contrary to law;
 {¶ 19} "* * *
 {¶ 20} "(9) Error of law occurring at the trial and brought to the attention of the trial court by the party making the application."
 {¶ 21} In Mannion v. Sandel (2001), 91 Ohio St.3d 318, 319, the Supreme Court of Ohio examined the requirements for granting a new trial. The court was guided by the first paragraph of the syllabus ofRohde v. Farmer (1970), 23 Ohio St.2d 82, which provides:
 {¶ 22} "Where a trial court is authorized to grant a new trial for a reason which requires the exercise of a sound discretion, the order granting a new trial may be reversed only upon a showing of abuse of discretion by the trial court."
 {¶ 23} Thus, the decision to deny a motion for a new trial will not be disturbed absent an abuse of discretion. Brooks v. Wilson (1994),98 Ohio App.3d 301, 304. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 24} In their first argument in support of their assignment of error, appellants argue that the trial court erred in granting Brothers' motion for a directed verdict upon appellants' claim for Brothers' negligent operation of the forklift. The standard for directing a verdict is well established. Civ.R. 50(A)(4) provides:
 {¶ 25} "When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."
 {¶ 26} A motion for a directed verdict does not present factual issues, but questions of law, although in deciding such motion, it is necessary to review and consider the evidence. Ruta v. Breckenridge-RemyCo. (1982), 69 Ohio St.2d 66, paragraph one of the syllabus. "In deciding a motion for a directed verdict, neither the weight of the evidence nor the credibility of the witnesses is to be considered." Cater v.Cleveland (1998), 83 Ohio St.3d 24, 33, citing Strother v. Hutchinson
(1981), 67 Ohio St.2d 282, 284. "The determination to be made by a trial court * * * is not whether one version of the facts presented is more persuasive than another; rather, it is a determination that only one result could be reached under the theories of law presented in the complaint." Eldridge v. Firestone Tire Rubber Co. (1985),24 Ohio App.3d 94, 96. Since a motion for directed verdict presents questions of law, this court will conduct a de novo review of the judgment of the lower court. Campbell v. Colley (1996), 113 Ohio App.3d 14,18.
 {¶ 27} In the case sub judice, the trial court found that there was no evidence presented that showed or tended to prove that the operator of the forklift operated it without due care and granted Brothers a directed verdict on appellants' claim of negligence based upon an allegation that Brothers negligently operated the forklift. Appellants argue that the trial court erred because the doctrine of res ipsa loquitur should have been applied.
 {¶ 28} The doctrine of res ipsa loquitur is not a rule of substantive law, but a rule of evidence. Becker v. Lake Cty. Mem. Hosp.West (1990), 53 Ohio St.3d 202, 203. Res ipsa loquitur is an evidentiary rule that permits a factfinder to draw an inference of negligence when the logical premises for the inference are demonstrated. Glowacki v.North Western Ry. Power Co. (1927), 116 Ohio St. 451, paragraph one of the syllabus. The prerequisites for using the doctrine of res ipsa loquitur were articulated by the Ohio Supreme Court in Hake v. GeorgeWiedemann Brewing Co. (1970), 23 Ohio St.2d 65, 66-67:
 {¶ 29} "To warrant application of the rule a plaintiff must adduce evidence in support of two conclusions: (1) That the instrumentality causing the injury was, at the time of the injury, or at the time of the creation of the condition causing the injury, under the exclusive management and control of the defendant; and (2) that the injury occurred under such circumstances that in the ordinary course of events would not have occurred if ordinary care had been observed."
 {¶ 30} After noting that the determination of the defendant's exclusive management and control is "relatively simple," the Ohio Supreme Court in Soltz v. Colony Recreation Center (1949), 151 Ohio St. 503,505-506, stated:
 {¶ 31} "The difficulty in determining the applicability of the doctrine arises where the instrumentality causing the injury is under the exclusive management and control of the defendant and the court is then called upon to determine the question whether `the accident occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed.'" The Court then proceeded to discuss the concept of "ordinary care" and stated:
 {¶ 32} "It is also significant to note that decisions, in which this court refused to apply the doctrine of res ipsa loquitur on the ground that the accident did not occur `under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed,' involved instrumentalities or occurrences which did not represent dangerous threats of serious injury or death * * *.
 {¶ 33} "Generally, the amount of care required to constitute ordinary care, is commensurate with the danger involved. Thus, under circumstances of peculiar peril, a greater amount of care is required than where the circumstances are less perilous, because prudent and careful persons, having in view the object to be attained and the just rights of others, are, in such cases, accustomed to exercise more care than in cases less perilous. The amount of care is increased, but the standard is still the same. It is still nothing more than ordinary care under the circumstances of that particular case. (Citations omitted.)
 {¶ 34} "Where the circumstances are such that ordinary care requires a great amount of care, a slight misstep by the defendant or a slight failure to act may represent the failure to exercise the ordinary care which the law considers as actionable negligence. Such slightmisstep or slight failure to exercise care may escape notice veryeasily, thus increasing the difficulty of proving that it occurred. Thisfurnishes justification, where the dangerous instrumentality is under thecontrol of the defendant when the injury occurs, for permitting the juryto infer negligence from the mere happening of the accident and forcalling upon defendant for an explanation. * * *
 {¶ 35} "Our conclusion, therefore, is that, in determining whether `the accident occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed' so that the doctrine of res ipsa loquitur could be applied, the trial court should consider whether the circumstances are such as to indicate that ordinary care would require a high degree or great amount of care on the part of the defendant.
 {¶ 36} "Only in such a situation can it be said, in the absence of any evidence of negligence, that the accident was more probably the result of a negligent than of some other cause. In effect, beforeapplying the doctrine of res ipsa loquitur, the court must be warranted intaking judicial notice of the fact that the accident does not happen inthe ordinary course of events unless there is negligence. (Citation omitted.) When ordinary care does not require a great amount of care, it will be just as likely, in the absence of evidence tending to prove negligence, that the accident was due to a cause other than negligence. * * * (Emphasis added.)" Id. at 509-11.
 {¶ 37} In explaining these criteria further, the Ohio Supreme Court has stated:
 {¶ 38} "The second prerequisite set forth in Hake, that there must be evidence tending to prove that the injury ordinarily would not have occurred if ordinary care had been exercised, serves to establish the logical basis for the inference that the plaintiff's injury was the proximate result of someone's negligence. The first prerequisite, that there must be evidence tending to prove that the instrumentality causing the injury was under the exclusive management and control of the defendant, permits the further inference that it was the defendant who was negligent." Jennings Buick, Inc. v. Cincinnati (1980),63 Ohio St.2d 167, 170-171. "Where all the facts connected with an accident fail to point to the negligence of the defendant as the proximate cause of the injury, but show a state of affairs from which an inference could as reasonably be drawn that the accident was due to a cause or causes other than the negligent act of defendant, the plaintiff cannot rely upon mere proof of the surrounding facts and circumstances * * *. The doctrine of res ipsa loquitur does not apply in such case." Id. at 172 (citations omitted). Whether sufficient evidence has been adduced at trial to warrant an application of the rule is a question of law to be determined initially by the trial court, subject to review upon appeal.Hake, 23 Ohio St.2d at 67.
 {¶ 39} Upon thorough review of the law and facts before us, we find that the trial court erred when it granted Brothers' motion for directed verdict on the issue of the negligence of the forklift operator. Although Brothers argues that because appellants presented no evidence that the operation of the forklift was "other than the normal and customary operation" res ipsa loquitur should not be applied, Brothers' argument is not compelling.
 {¶ 40} Pat Nawrocki, the president and part owner of Brothers, testified that in his 15 years of experience during which he constructed "thousands" of masonry walls, only one other wall collapsed; he testified that the wall, scaffolding, mortar tub, forklift and forklift operator were under the complete control of Brothers; he admitted that the wall fell because a mortar tub had become snagged on the scaffolding which had been erected next to the wall by Brothers; Nawrocki admitted that neither the wind nor weather caused the wall to collapse; Nawrocki admitted that Michael did not do anything to cause the wall to collapse; and Nawrocki admitted that this was not an unavoidable accident. Although Nawrocki did not explicitly admit the forklift operator was negligent, his testimony was sufficient to establish that walls do not ordinarily collapse if ordinary care is observed. Therefore, appellants met both prerequisites for the application of the doctrine of res ipsa loquitur to the facts of this case. Upon construing the evidence presented most strongly in favor of appellants, it cannot be said that "reasonable minds could come to but one conclusion" and that the conclusion was adverse to appellants. The issue of negligence was a question of fact for the jury to determine and, therefore, the trial court erred when it granted Brothers a directed verdict on appellants' claim for negligent operation of the forklift. In accordance with the case law cited supra, this error requires a new trial be granted pursuant to Civ.R. 59.
 {¶ 41} In light of this court's resolution of appellants' first argument, this court need not address appellants' argument concerning manifest weight. However, this court will address the arguments concerning jury instructions and admission of evidence.
 {¶ 42} In their arguments concerning jury instructions, appellants argue that the trial court erred in its instructions in regard to29 C.F.R. § 1926.16[1] and 29 C.F.R. § 1926.706(b)[2], sections of the Occupational Safety and Health Administration Act ("the Act"). This court finds the trial court did not err in giving these instructions.
 {¶ 43} A trial court must fully and completely give jury instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as fact finder. State v. Comen (1990),50 Ohio St.3d 206, paragraph two of the syllabus. Generally, requested jury instructions should be given if they are correct statements of the law as applied to the facts in a given case and where reasonable minds might reach the conclusion sought by the instruction. Murphy v.Carrollton Mfg. Co. (1991), 61 Ohio St.3d 585, 591; Sapp v. Stoney RidgeTruck Tire (1993), 86 Ohio App.3d 85, 96. When an appellate court reviews a trial court's decision to determine whether an instruction should have been given, the "appellate court should determine whether the record contains evidence from which reasonable minds might reach the conclusion sought by the instruction." Feterle v. Huettner (1971), 28 Ohio St.2d 54, syllabus.
 {¶ 44} The giving of jury instructions is within the sound discretion of the trial court and will not be disturbed on appeal unless the record affirmatively demonstrates an abuse of discretion. State v.Martens (1993), 90 Ohio App.3d 338, 343. A strong presumption exists in favor of the propriety of jury instructions. Brooks v. Mihm (May 3, 1995), Pickaway App. No. 93CA24, appeal not allowed (1995),74 Ohio St.3d 1409. The standard for this court's evaluation of jury instructions was set forth in Deffinbaugh v. Ohio Turnpike Comm. (1990),67 Ohio App.3d 692, 701-702:
 {¶ 45} "In considering the appropriateness of a jury instruction, the instructions as a whole must be reviewed. Schade v. Carnegie BodyCo. (1982), 70 Ohio St.2d 207, 210 No reversible error is committed so long as the law is clearly and fairly expressed to the jury and they are able to understand it as it applies to the facts in the case at hand.Wagenheim v. Alexander Grant Co. (1983), 19 Ohio App.3d 7, 16. (Parallel citations omitted.)"
 {¶ 46} In regard to the instruction concerning29 C.F.R. § 1926.16, appellants argue that section 107, another section of the Act, mentioned in subpart (b) also applies to subpart (c). However, appellants' argument is contrary to a plain reading of29 C.F.R. § 1926.16.
 {¶ 47} Section 107 is specifically mentioned in subpart (b) and is not mentioned in subpart (c). As appellants noted in their brief, only contracts for construction projects which are federally funded are subject to section 107. However, again as appellants noted in their brief, the contract in the case sub judice was not a contract for a construction project which was federally funded and, thus, not a contract subject to section 107.
 {¶ 48} As given, the jury instruction mirrored29 C.F.R. § 1926.16. It was a correct statement that Michael's employer, the prime contractor, and Brothers, the subcontractor, "shall be deemed to have joint responsibility" with respect to subcontracted work. Thus, the trial court did not err in giving this instruction.
 {¶ 49} In regard to the instruction concerning29 C.F.R. § 1926.706(b), appellants argue that the trial court erred in giving the following instruction:
 {¶ 50} "An employer whose employees will be exposed to the risk has the responsibility to determine the adequacy of wall support or bracing. If such an employer determines that the wall is capable of withstanding forces applied during construction, the wall will be considered adequately supported and not to require bracing."
 {¶ 51} Brothers submitted this instruction. Brothers based it upon an OSHA document entitled "Standards Interpretation and Compliance Letters" dated February 6, 1989, in which the standard regarding the bracing of a wall eight feet high was interpreted. The jury instruction incorporated the interpretation set forth in this OSHA document. Appellants stated the following objection to this instruction:
 {¶ 52} "Your Honor * * * I do need to make a record with respect to page 8 of the charge. Paragraph designated as D-Supp number 6 * * *. All of the defendant's witnesses testified yesterday that this wall was not adequately supported, they have not disputed that, so I do not think that the jury is entitled to hear this charge." Brothers disputed this assertion in regard to the evidence and the trial court overruled appellants' objection. On appeal, appellants not only argue that there was no evidence to support the inclusion of this instruction but also argue that there was no legal authority for the instruction.
 {¶ 53} In regard to appellants' argument that there was no evidence to support the inclusion of this instruction, this court has thoroughly reviewed the trial transcript and finds that there was sufficient evidence offered in this case to warrant the instruction. Because there is evidence from which reasonable minds might reach the conclusion sought by the instruction, the trial court did not err in giving the jury instruction concerning 29 C.F.R. § 1926.706(b).
 {¶ 54} In regard to appellants' argument that there was no legal authority for this instruction, Civ.R. 51(A)[3] provides that a party must state with particularity the grounds for the objection and, if a matter is not objected to, that matter may not be the basis of an assignment of error. In the instant matter, as noted supra, although the transcript reveals that appellants raised an objection to this particular jury instruction, the specified ground for the objection was that there was "no evidence to support the inclusion of this instruction." Appellants did not specifically raise their present objection to the trial court's inclusion of this instruction. In Leber v. Smith (1994),70 Ohio St.3d 548, 552, the Ohio Supreme Court stated:
 {¶ 55} "In the present case, Buckeye Union did not object to the trial judge's informing the jury that the judgment against the board inLeber I was binding on the jury in Leber II. Instead, Buckeye Union objected to another portion of the same jury instruction that informed the jury of the trial court's findings in the declaratory judgment action. Because Buckeye Union's reason for objecting to the jury instruction is not the same as its reason for objecting at trial, Buckeye Union was precluded from arguing on appeal that this instruction was improper. See Schade v. Carnegie Body Co. (1982), 70 Ohio St.2d 207, 24 O.O.3d 316, 436 N.E.2d 1001, paragraph one of the syllabus. Thus, the appellate court's reversal on this ground was improper." See, also, Slonev. Bowlus Trucking Co., Inc. (Sept. 25, 1992), 6th Dist. No. H-91-031, appeal dismissed, (1993), 66 Ohio St.3d 1419. (Appellants "did not object to the failure to give the instruction on the grounds raised by them on appeal and they cannot assign the same as error.")
 {¶ 56} In commenting on Civ.R. 51(A) and the requirement that any objection be stated specifically, the appellate court in Clark v. SnapperPower Equipment Co. Inc. (Nov. 18, 1993), 2nd Dist. No. 93 CA 9, appeal dismissed, (1994), 69 Ohio St.3d 1403, stated:
 {¶ 57} "The paragraph of Civ.R. 51(A) quoted above was amended in 1972 to provide that any objection to the court's instructions to the jury must be stated `specifically'. The committee comment to that amendment states: `The word "specifically" emphasizes the need of the party objecting to the court's instructions to be exact and clear as to the nature of his objections.' The theory behind this requirement is `that the court should be given an opportunity to correct a mistake or defect in the instruction when it can be accomplished during the same trial.' Presley v. City of Norwood (1973), 36 Ohio St.2d 29, at 33,303 N.E.2d 81. Therefore, an appellate court should not reverse upon a finding of error when the trial court was not given the opportunity to itself address and correct the error upon a timely objection, unless the error is `plain error'."[4]
 {¶ 58} However, "notice of plain error * * * is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Schade v. Carnegie Body Co. (1982),70 Ohio St.2d 207, 209. Plain error must be obvious and prejudicial to such an extent that it has a material adverse effect on the character and public confidence in the judicial proceedings. Id. The plain error doctrine is utilized in civil cases only under exceptional circumstances to prevent a manifest miscarriage of justice. Cleveland Elec. Illum. Co.v. Astorhurst Land Co. (1985), 18 Ohio St.3d 268, 275. There was no plain error in giving the disputed jury instruction.
 {¶ 59} The last of appellants' arguments in support of their assignment of error this court must address is that the admission of Brothers' exhibit A was erroneous and prejudicial. Exhibit A was a copy of an OSHA report given to the president of Brothers, Nawrocki, as the result of an OSHA inspection conducted the morning of Michael's accident. Michael had testified that OSHA had been to the job site because of scaffolding problems. Brothers argued that appellants had "opened the door" to discussion about OSHA citations and that the citation dealt with scaffolding.
 {¶ 60} A trial court has broad discretion in the admission or exclusion of evidence. Zammit v. Soc. Natl. Bank (1996),115 Ohio App.3d 543, 561. When a party challenges a ruling on the admission or exclusion of evidence by a trial court, an appellate court will not reverse the trial court's ruling unless the trial court abused its discretion. O'Brien v. Angley (1980), 63 Ohio St.2d 159, 163. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. (Citations omitted).
 {¶ 61} Appellants set forth several reasons that the admission of exhibit A was erroneous. Appellants first argue that exhibit A contained inadmissible hearsay and did not qualify under exceptions to the hearsay rule. Brothers argues that Evid.R. 803(6) and (8), exceptions of the hearsay rule apply. Evid.R. 803(6) and (8) provide:
 {¶ 62} "The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
 {¶ 63} "* * *
 {¶ 64} "(6) Records of regularly conducted activity. A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.
 {¶ 65} "* * *
 {¶ 66} "(8) Public records and reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (a) the activities of the office or agency, or (b) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, unless offered by defendant, unless the sources of information or other circumstances indicate lack of trustworthiness."
 {¶ 67} Portions of administrative investigative reports can be admissible as an exception to the hearsay rule pursuant to either Evid.R. 803(6) or 803(8) when a proper foundation has been laid. Dept. ofLiquor Control v. BPOE Lodge 0107 (June 4, 1991), Franklin App. No. 90AP-821, appeal dismissed, (1991), 62 Ohio St.3d 1422. Appellants' first argument is without merit.
 {¶ 68} Appellants next argue that the admission of exhibit A violated the best evidence rule. Evid.R. 1002 states:
 {¶ 69} "To prove the contents of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio."
 {¶ 70} However, the OSHA report qualifies as a "duplicate" under Evid. R. 1001(4) in that it was produced by "other equivalent techniques which accurately reproduce the original." Nawrocki identified exhibit A as a true and accurate copy of the OSHA report. Evid.R. 1003 provides that a duplicate is admissible to the same extent as an original unless (1) there is a genuine question raised as to the authenticity of the original or (2) under the circumstances it would be unfair to admit the duplicate in lieu of the original. State v. Easter (1991),75 Ohio App.3d 22, 27. Pursuant to Evid.R. 1003, a party who seeks to exclude a duplicate from evidence has the burden of demonstrating that it should not be admitted. National City Bank v. Fleming (1981),2 Ohio App.3d 50, 57. Moreover, "a determination as to whether such duplicate should be admitted is within the sound discretion of the trial court, and unless it is apparent from the record that the decision of the court is arbitrary or unreasonable, the determination will not be disturbed on appeal." Fleming, 2 Ohio App.3d at 57. There is no evidence in the instant case to suggest that the copy of the OSHA report used at trial was not authentic or that it was unfair to admit it in lieu of the original. Appellants' second argument is without merit.
 {¶ 71} Appellants' last two assertions are that they were unable to cross-examine the author of exhibit A to verify the veracity of the information contained therein and that exhibit A was erroneously admitted because it referenced only OSHA violations pertaining to scaffolding guardrails and, thus, by negative inference the jury was permitted to speculate that Brothers was otherwise in compliance with other OSHA requirements at issue in this case, such as the establishment of a limited access zone and adequate support for the unfinished wall. In regard to both of these assertions, appellants have failed to comply with App.R. 16(A) as appellants used only one conclusory statement and do not present any further argument or cite any authority in support of either assertion. Appellants have failed to comply with App.R. 16(A) because they failed to present "reasons in support of the contentions." According to App.R. 12(A)(2):
 {¶ 72} "The court may disregard an assignment of error presented for review if the party raising it * * * fails to argue the assignment separately in the brief, as required under App.R. 16(A)."
 {¶ 73} App.R. 16(A)(7) states that an appellant shall include in its brief:
 {¶ 74} "An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary."
 {¶ 75} An appellate court may rely upon App.R. 12(A) in overruling or disregarding an assignment of error because of "the lack of briefing" on the assignment of error. Hawley v. Ritley (1988), 35 Ohio St.3d 157,159. It is appellant's duty, not the appellate court's, to set forth an argument in support of an assignment of error. "An appellate court is not a performing bear, required to dance to each and every tune played on an appeal. (Citation omitted.)" State v. Watson (1998), 126 Ohio App.3d 316,321.
 {¶ 76} Because appellants presented no argument supporting its contentions and cited no authority supporting its contentions in regard to these last two assertions, this court finds that appellants have failed to comply with App.R. 16(A) as to these assertions. Upon a thorough review of the trial transcript, this court finds no merit in appellants' assertions that the trial court erred in its ruling regarding exhibit A. This court finds no abuse of discretion in the trial court's ruling regarding its admission.
 {¶ 77} Accordingly, to the extent that appellants' assignment of error argued that the trial court erred when it denied their motion for a new trial on the grounds that Brothers' motion for a directed verdict should not have been granted, appellants' first assignment of error is well taken, in part. To the extent that appellants' assignment of error argued that the trial court erred when it denied their motion for a new trial on the grounds that the trial court erred in giving certain jury instructions and admitting exhibit A, appellants' assignment of error is not well taken, in part.
 {¶ 78} On consideration whereof, the decision of the Lucas Court of Common Pleas is affirmed, in part, and reversed, in part. The decision of that court denying appellants' motion for a new trial on appellants' claim for negligent operation of the forklift is reversed; all other portions of the decision are affirmed. This case is remanded to the trial court for further proceedings not inconsistent with this decision and judgment entry. Court costs of this appeal are assessed to appellees.
JUDGMENT AFFIRMED, IN PART AND REVERSED, IN PART.
Peter M. Handwork, P.J., Richard W. Knepper, J., and Arlene Singer, J.
[1] 29 C.F.R. § 1926.16 provides:
"(a) The prime contractor and any subcontractors may make their own arrangements with respect to obligations which might be more appropriately treated on a job site basis rather than individually. Thus, for example, the prime contractor and his subcontractors may wish to make an express agreement that the prime contractor or one of the subcontractors will provide all required first-aid or toilet facilities, thus relieving the subcontractors from the actual, but not any legal, responsibility (or, as the case may be, relieving the other subcontractors from this responsibility). In no case shall the prime contractor be relieved of overall responsibility for compliance with the requirements of this part for all work to be performed under the contract.
"(b) By contracting for full performance of a contract subject to section 107 of the Act, the prime contractor assumes all obligations prescribed as employer obligations under the standards contained in this part, whether or not he subcontracts any part of the work.
"(c) To the extent that a subcontractor of any tier agrees to perform any part of the contract, he also assumes responsibility for complying with the standards in this part with respect to that part. Thus, the prime contractor assumes the entire responsibility under the contract and the subcontractor assumes responsibility with respect to his portion of the work. With respect to subcontracted work, the prime contractor and any subcontractor or subcontractors shall be deemed to have joint responsibility.
"(d) Where joint responsibility exists, both the prime contractor and his subcontractor or subcontractors, regardless of tier, shall be considered subject to the enforcement provisions of the Act."
[2] 29 C.F.R. § 1926.706(b) provides:
"(b) All masonry walls over eight feet in height shall be adequately braced to prevent overturning and to prevent collapse unless the wall is adequately supported so that it will not overturn or collapse. The bracing shall remain in place until permanent supporting elements of the structure are in place."
[3] Civ.R. 51(A) provides:
"On appeal, a party may not assign as error the giving or the failure to give any instruction unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. * * *"
[4] Nor is the requirement set forth in Civ.R. 51(A) eliminated if a party files a motion for a new trial. See, Thornton v. Summit Cty. Bd. ofMental Retardation and Developmental Disabilities (Jan. 26, 2000), 9th Dist. No. 19343:
"Plaintiff has argued that the duty set forth in Civ.R. 51 is not applicable in this case, and he has asserted two reasons why he should not be bound by the duty it establishes. First, he has argued that his motion for a new trial on the grounds of erroneous jury instructions alleviated the requirement that he object prior to the jury's deliberations. This Court can uncover no precedent in the law, nor has any been presented to us which holds that the requirement set forth in Civ.R. 51 is obviated by a motion for new trial. As such, this Court declines Plaintiff's invitation to expand the province of a Civ.R. 59 motion for a new trial, and holds that the Civ.R. 51 requirement that a party object prior to the jury's retirement is not curtailed in any fashion if that party subsequently moves for a new trial."