[Cite as *Ohio Bell Tel. Co. v. Cleveland*, 2024-Ohio-1475.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

OHIO BELL TELEPHONE COMPANY,  :

    Plaintiff-Appellee,  :

                                   No. 113116

    v.  :

CITY OF CLEVELAND,  :

    Defendant-Appellant.  :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 18, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-949811

---

### *Appearances:*

Mark Griffin, Cleveland Director of Law, and Jerome A. Payne, Jr., Assistant Director of Law, *for appellant.*

W.H. Hunt Legal Group, LLC, William H. Hunt, and Nicholas A. Gulish, *for appellee.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendant-appellant, city of Cleveland ("Cleveland" or "the city"), appeals from the denial of a motion for summary judgment on its claim for sovereign immunity and claims the following errors:

1. It was reversible error for the lower court to hold that there were material issues of fact when it denied the city of Cleveland's motion for summary judgment based on statutory immunity.

2. It was reversible error for the lower court when it failed to reinstate immunity as a matter of law.

{¶ 2} We affirm the trial court's judgment.

## I. Facts and Procedural History

{¶ 3} In September 2019, plaintiff-appellee, the Ohio Bell Telephone Company ("Ohio Bell") discovered that its underground cable had been damaged at 1405 Huron Road, Cleveland. Upon investigation, Ohio Bell discovered that the Cleveland Water Department had repaired an underground water line at that location from April 30, 2019, to May 2, 2019. Following its investigation, Ohio Bell filed a complaint against the city to recover losses resulting from the damaged cable.

{¶ 4} The city filed a motion for summary judgment, arguing it was immune from liability pursuant to R.C. Chapter 2744. The city conceded that its repair of the water line in the vicinity of Ohio Bell's cable was a proprietary function, which is an exception to the immunity provided under R.C. 2744.02(B)(2), but it argued there was no evidence that the city was negligent or that it damaged Ohio Bell's cable. The city further asserted that even if it were negligent, it was immune from liability pursuant to a defense provided in R.C. 2744.03(A)(5). The trial court denied the motion for summary judgment, and this appeal followed.

## II.  Law and Analysis

### A.  Standard of Review

{¶ 5} Appellate review of summary judgments is de novo.  *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).  Pursuant to Civ.R. 56(C), summary judgment is appropriate when (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his or her favor.  *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 653 N.E.2d 1196 (1995), paragraph three of the syllabus; *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 696 N.E.2d 201 (1998).  The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law.  *Dresher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).

### B. Sovereign Immunity

{¶ 6} In the first assignment of error, Cleveland argues the trial court erred in finding there were genuine issues of material fact that preclude its claim for immunity under R.C. Chapter 2744.  In the second assignment of error, the city argues the trial court erred by failing to reinstate immunity pursuant to R.C. 2744.03(A)(5).  We discuss these assigned errors together.

{¶ 7} The Political Subdivision Tort Liability Act, codified in R.C. Chapter 2744, sets forth a three-tier analysis for determining whether a political subdivision

is immune from liability for injury or loss to property. *Colbert v. Cleveland*, 99 Ohio St.3d 215, 2003-Ohio-3319, 790 N.E.2d 781, ¶ 7. In the first tier of the analysis, the court applies the general rule provided in R.C. 2744.02(A)(1), which states that a political subdivision is "not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."

{¶ 8} The second tier of the analysis places the burden on the plaintiff to overcome this statutory immunity by showing that one of the five exceptions contained in R.C. 2744.02(B) applies. *Powell v. Cleveland*, 2022-Ohio-4286, 202 N.E.3d 794, ¶ 10 (8th Dist.). If any of the exceptions enumerated in R.C. 2744.02(B) applies, the court proceeds to the third tier of the analysis and determines whether any of the defenses enumerated in R.C. 2744.03 applies to provide the political subdivision a defense against liability. *Colbert* at ¶ 9. If none of the five exceptions applies, the immunity analysis ends without proceeding to the third tier. *Rankin v. Cuyahoga Cty. Dept. of Children & Family Servs.*, 118 Ohio St.3d 392, 2008-Ohio-2567, 889 N.E.2d 521, ¶ 32.

{¶ 9} The immunity provided in R.C. 2744.02(A)(1) applies to political subdivisions engaged in a governmental or proprietary function. R.C. 2744.02(A)(1). It is undisputed that the city's repair of the water line was a proprietary function. Thus, the city is entitled to the broad immunity under the first tier of the analysis. However, in the second tier of the analysis, R.C. 2744(B)(2)

provides that political subdivisions may be held liable for its negligent performance of a proprietary function. In other words, Cleveland is liable for damage to Ohio Bell's property if the damage was caused by the negligent acts of its employees who were involved a proprietary function. And since the city concedes that the repairs conducted on the water line constituted a proprietary function, the city is liable if its employees negligently damaged Ohio Bell's property while performing the repairs.

## 1. Negligence

{¶ 10} To establish a claim for negligence, the plaintiff must show the existence of a duty, a breach of that duty, and that the breach of that duty was the proximate cause of an injury. *Menifee v. Ohio Welding Prods. Inc.*, 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984).

{¶ 11} Cleveland argues there is no evidence that its employees were negligent or that they damaged Ohio Bell's property. In support of its argument, it cites the testimony of two city employees who worked at the site. Kyle Gembus ("Gembus"), the project foreman, testified at deposition that he did not recall seeing any damage to any utilities when they repaired the water line located at 1405 Huron Road, Cleveland in late April and early May 2019. (Gembus depo. at 27.) Joshua Pecek ("Pecek"), the hydraulic unit leader on the project, testified that the underground utilities, including Ohio Bell's, were marked in accordance with the Ohio Utility Protection Service system ("OUPS") prior to beginning the excavation. (Tr. 13-14.) He nevertheless stated that he did not encounter any utilities while excavating the site. (Pecek depo. at 11.) Photographs of the work site show that the

city's employees were digging in dirt after removal of the asphalt, and one of the photographs depicts a ridge in the dirt. When asked if the ridge covered a conduit, Pecek replied that he did not know because he recalled "it being all dirt." (Pecek depo. at 16.)

{¶ 12} The city argues the mere occurrence of an injury does not give rise to a presumption of negligence. Indeed, we have held that negligence may not be presumed from the proof of injury alone. *Riveredge Dentistry Partnership v. Cleveland*, 8th Dist. Cuyahoga No. 110275, 2021-Ohio-3817, ¶ 24. To survive summary judgment, the plaintiff must establish a prima facie case of negligence, i.e, duty, breach, and proximate cause of damage, that creates a genuine issue of material fact for trial. *Menifee* at 77; *Kinasz v. Diplomat Healthcare*, 8th Dist. Cuyahoga No. 103758, 2016-Ohio-2949, ¶ 21-22.

{¶ 13} Ohio Bell argues it can establish the city's negligence through the doctrine of res ipsa loquitur. Res ipsa loquitur means "[t]he thing speaks for itself." *Black's Law Dictionary* 1305 (6th Ed.1990). It is a rule of evidence that allows the trier of fact to infer negligence on the part of the defendant from the circumstances surrounding the plaintiff's injury. *Hake v. George Wiedemann Brewing Co.*, 23 Ohio St.2d 65, 66, 262 N.E.2d 703 (1970), citing *Fink v. New York C. Rd. Co.*, 144 Ohio St. 1, 56 N.E.2d 456 (1944). "The doctrine of res ipsa loquitur does not alter the nature of the plaintiff's claim in a negligence action; it is merely a method of proving the defendant's negligence through the use of circumstantial evidence." *Jennings Buick, Inc. v. Cincinnati*, 63 Ohio St.2d 167, 170, 406 N.E.2d 1385 (1980).

> To warrant application of the rule a plaintiff must adduce evidence in support of two conclusions: (1) That the instrumentality causing the injury was, at the time of the injury, or at the time of the creation of the condition causing the injury, under the exclusive management and control of the defendant; and (2) that the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed.

*Hake* at 66-67. Where the evidence establishes two equally efficient probable causes of the injury, one of which is not attributable to the defendant's negligence, the rule of res ipsa loquitor does not apply. *Jennings Buick* at 171. However,

> a plaintiff seeking to invoke the doctrine of res ipsa loquitur in a negligence action need not eliminate all reasonable non-negligent causes of his injury. It is sufficient if there is evidence from which reasonable men can believe that it is more probable than not that the injury was the proximate result of a negligent act or omission.

*Id.* at 172, citing *Adam Hat Stores, Inc. v. Kansas City*, 316 S.W.2d 594 (Mo.1958).

{¶ 14} Whether sufficient evidence has been adduced to warrant application of the rule is a question of law to be determined on a case-by-case basis. *Hake* at 67; *Jennings Buick* at 171.

{¶ 15} The city argues the doctrine of res ipsa loquitur is inapplicable because the injury occurred within a public roadway that is not under its exclusive management and control. The city contends the area remained accessible to the public for four and half months between the time it completed its work and the time Ohio Bell discovered the damage. However, the Ohio Supreme Court rejected a similar argument raised by the city of Cincinnati in *Jennings Buick*. In that case, the plaintiff sued the city for structural damage to its buildings as a result of a water main break in front of its premises. The city argued that the water main that it

installed was not within its exclusive control and management because it was not in its actual possession. *Id*. at 173. In rejecting that argument, the court observed:

> [A] showing of exclusive management and control is necessary only insofar as it supplies the logical basis for the inference that the negligence which caused the injury was that of the defendant, and not that of a third party. In the instance of this underground water main, however, it is extremely unlikely that acts or omissions of a third party may have occasioned the bursting of the water main and the appellee's resulting damages.
>
> * * *
>
> These facts would seem to reasonably preclude, in most instances, anyone else from being in control or tampering with these mains. Underground water mains are, under most circumstances, not accessible to the general public. We hold that the element of exclusive management and control of this instrumentality has been met.

*Id.* The court found it unlikely that a third party could have caused the water main to break since it was buried underground. The water main may have been in a public roadway and not within the city's actual possession, but the public did not have access to it underground. The same holds true here.

{¶ 16} The city used a jackhammer to break up the roadway. It also used a backhoe to remove asphalt. Ohio Bell's cable could have been cut by the jackhammer. Indeed, Ronald Potter ("Potter"), a construction technician with Ohio Bell, averred, in an affidavit submitted in opposition to the city's motion for summary judgment, that the damage to Ohio Bell's cable "was consistent with damage caused by a jackhammer." (Potter aff. ¶ 8.) After the city completed its work, it filled the excavated hole and repaved the road thereby preventing public access to the underground facilities.

{¶ 17} The city nevertheless asserts that another contractor or utility excavating in the same location could have caused the damage. In *Cusumano v. Pepsi-Cola Bottling Co.*, 9 Ohio App.2d 105, 109, 223 N.E.2d 477 (8th Dist.1967), we explained:

> "Where the allegations of a petition show that the defendant did not have custody, possession, control or management of the instrumentality at the time of the injury, or for an indeterminate period of time prior to the injury, the doctrine of *res ipsa loquitur* is not available to the plaintiff against the defendant, unless the plaintiff alleges *and shows* that the the [sic] instrumentality was not mishandled or altered subsequent to the time it left the defendant's custody, possession, control and management."

(Emphasis added in *Cusumano*.) *Id.* at 111-112, quoting *Huggins v. John Morrell & Co.*, 176 Ohio St. 171, 198 N.E.2d 448 (1964). Thus, "actual management and control of the injury-producing instrumentality by the defendant is usually required[.]" *Id.*, citing *Koktavy v. United Fireworks Mfg. Co.*, 160 Ohio St. 461, 117 N.E.2d 16 (1954).

> [B]ut if the instrumentality has been out of the defendant's possession for no more than a reasonable period of time, under the facts and circumstances of the case, and the plaintiff can show that the instrumentality has not been mishandled or tampered with, and there is no probability that any other intervening force has had an effect on the instrumentality, then the doctrine of res ipsa loquitur will be applicable.

*Cusumano* at syllabus. *See also Schafer v. Wells*, 171 Ohio St. 506, 172 N.E.2d 708 (1961); *Huggins* at 171; and *Renneckar v. Canton Terminal Restaurant, Inc.*, 148 Ohio St. 119, 73 N.E.2d 498 (1947).

{¶ 18} Cleveland's water department was the last known contractor to have excavated the site before Ohio Bell's cable failed. There is no evidence of any other

permits or OUPS tickets being requested during the four-and-a-half-month period that elapsed between the time the city excavated the site and the time Ohio Bell's cable began to fail. Four and half months is a reasonable time period. Potter explained that the cable continued to function for a period of time after the city completed its work because they were "not cut all the way through and it could take significant time for water to seep into the remaining still functioning lines and damage them[.]" (Potter aff. ¶ 9.) Therefore, in the absence of any evidence that a third party handled or tampered with Ohio Bell's cable between the time the city excavated the site and the time the cable failed, the first prong of the res ipsa loquitur test is satisfied.

{¶ 19} As previously stated, the second prong of the res ipsa loquitur test requires proof that "the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed." *Jennings*, 63 Ohio St.2d at 170, 406 N.E.2d 1385.

{¶ 20} The city argues only an expert could identify the instrument used to cut Ohio Bell's cable. However, expert testimony is not necessary when the subject is within the ordinary knowledge of a lay person. *Buehner v. Cheselka*, 8th Dist. Cuyahoga No. 111165, 2022-Ohio-2687, ¶ 36. This is not a case where the cable gradually degraded or rotted or where it is unclear how the cable was damaged. Photographs of Ohio Bell's cable clearly show that it was cut by something, most likely a jackhammer. At the very least, Ohio Bell has established a genuine issue of

material as to the cause of its injury.  Therefore, Ohio Bell has established a prima facie case of negligence through the doctrine of res ipsa loquitur.

## 2.  Defense to Liability Inapplicable

{¶ 21} The city argues that even if Ohio Bell establishes that it (the city) was negligent, the city has a defense that reinstates immunity pursuant to R.C. 2744.03(A)(5).  That section provides:

> The political subdivision is immune from liability if the injury, death, or loss to person or property resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner.

{¶ 22} The city argues its employees exercised judgment and discretion "by undertaking various precautionary measures, including marking underground utilities, implementing safety measures, employing a jackhammer according to established protocols, documenting the process through photographs, and engaging in hand excavation to reach the valve."  (Appellant's brief p. 15.)  However, "a political subdivision cannot simply assert that all of its decisions are 'discretionary' in order to obtain protection under R.C. 2744.03(A)(5)."  *Ohio Bell Tel. Co. v. Cleveland*, 8th Dist. Cuyahoga No. 98683, 2013-Ohio-270, ¶ 14, citing *Hacker v. Cincinnati*, 130 Ohio App.3d 764, 770, 721 N.E.2d 416 (1st Dist.1998).  There is a difference between a political subdivision's discretionary decisions, for which there is immunity, and the employee' implementation of those decisions, for which there is not.  "'[I]mmunity attaches only to the broad type of discretion involving public

policy made with "the creative exercise of political judgment."'" *Ohio Bell Tel.* at

¶ 14, quoting *McVey v. Cincinnati*, 109 Ohio App.3d 159, 163, 671 N.E.2d 1288 (1st

Dist.1995), quoting *Bolding v. Dublin Local School Dist.*, 10th Dist. Franklin No.

4APE09-1307, 1995 Ohio App. LEXIS 2455 (June 15, 1995).

> "[O]nce the decision has been made to engage in a certain activity or function, the state may be held liable, in the same manner as private parties, for the negligence of the actions of its employees and agents in the performance of such activities."

*Id.* at ¶ 12, quoiting *Elston v. Howland Local Schools*, 113 Ohio St.3d 314, 2007-

Ohio-2070, 865 N.E.2d 845, ¶ 28.  In other words, "'[i]mmunity does not apply to

the negligence of employees in "the details of carrying out the activity even though

there is discretion in making choices."'"  *Ohio Bell* at ¶ 15, quoting *McVey v.*

*Cincinnati*, 109 Ohio App.3d 159, 671 N.E.2d 1288 (1st Dist.1995), quoting *Bolding*

*v. Dublin Loc. School Dist.*, 10th Dist. Franklin No. 94APE09-1307, 1995 Ohio App.

LEXIS 2455 (June 15, 1995).

{¶ 23} The city exercised a policy decision to employ its resources to repair a

valve on the water line at the site.  The city's employees implemented that decision

by actually carrying out the work.  Its employees' judgment as to where to place the

jackhammer or how to break up the road in order to access its underground water

line is not the sort of decision to which immunity applies.  Therefore, the defense

provided in R.C. 2744.03(A)(5) is inapplicable.

{¶ 24} Ohio Bell presented a prima facie case of negligence through the

doctrine of res ipsa loquitur, and no defense applies to reinstate immunity under

R.C. 2744.03(A)(5). Therefore, the first and second assignments of error are overruled.

{¶ 25} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
MICHAEL JOHN RYAN, J., CONCUR