[Cite as *Wood v. MAK Invest. Properties, L.L.C.*, 2024-Ohio-4485.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JASON WOOD, ET AL.,                    :

    Plaintiffs-Appellants,          :

                        No. 113228

    v.                              :

MAK INVESTMENT PROPERTIES,
LLC, ET AL.,                           :

    Defendants-Appellees.           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 12, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-952578

---

### *Appearances:*

Paul M. Friedman, *for appellants*.

Collins Roche Utley & Garner, LLC, Patrick M. Roche, and
Kurt D. Anderson, *for appellees*.

---

MARY J. BOYLE, P.J.:

{¶ 1} Plaintiffs-appellants, Jason Wood and Charlene Wood ("the Woods"), appeal the trial court's decision granting summary judgment in favor of defendants-appellees, Hurst Construction, Inc., Hurst Construction, Inc., d.b.a. Hurst Design and Remodeling, and Hurst Design-Build Remodeling (collectively

"Hurst Construction"), finding that the Woods' negligence action was barred by lack of privity of contract. For the reasons that follow, the judgment is affirmed.

## I. Facts and Procedural History

{¶ 2} This case involves a dispute over the remodeling and renovation of a home located at 1801 Allen Drive, Westlake, Ohio 44145 ("property"). In May 2016, MAK Investment Properties, Inc. ("MAK") purchased the property from an estate and contracted with Hurst Construction, as well as several other companies, to perform remodeling and renovation work. Patrick Hurst and his brother Daniel Hurst were officers and owners of both Hurst Construction and MAK. The remodeling and renovation were completed in the fall of 2017 and the house was placed for sale by MAK.

{¶ 3} In December 2021, the Woods signed a purchase agreement with MAK. As part of the agreement, the Woods hired a licensed inspector to conduct a general home inspection. The inspection revealed several potential issues with the grading of the property causing potential water runoff issues. Although the purchase agreement allowed for the Woods to terminate the agreement if the inspection revealed any material defects, the Woods decided to purchase the home as is. The Woods took possession on January 18, 2018. In April 2018, after the Woods moved in, they experienced flooding in the backyard, patio, and the entire lower level of the home. Thereafter, according to the Woods, anytime there was a significant amount of rain, the yard and patio area flooded. In addition, the Woods

observed several other problems with the home including, among other things, cracks in the drywall, baseboards, and ceilings.

{¶ 4} In 2023, the Woods filed a complaint against MAK, Patrick Hurst, and Hurst Construction, as well as several other contractors.[1] The Woods alleged negligence against Hurst Construction for failing to perform the remodeling and renovations in a workmanlike manner claiming substantial and extensive property damage.

{¶ 5} Hurst Construction filed a motion for summary judgment arguing that they did not owe a duty to the Woods because there was no privity of contract. The trial court granted Hurst Construction's motion explaining that the Woods's negligence cause of action was barred by lack of privity of contract citing *Corporex Dev. & Constr. Mgmt. v. Shook, Inc.*, 2005-Ohio-5409. The court further stated that the "Hurst Construction Defendants did not owe any duties independent of the construction agreement with MAK Investment Properties. The Hurst Construction Defendants' duties were to MAK Investment Properties, and they did not flow to the [Woods]." (Journal Entry, July 13, 2023).

{¶ 6} On July 17, 2023, the Woods filed a motion to reconsider or, alternatively, find "no just reason for delay" under Civ.R. 54(B). The trial court denied the motion. On August 28, 2023, the case proceeded to jury trial against

---

[1] On January 29, 2024, by joint stipulation the parties dismissed without prejudice defendants CEMAC Real Property Corporation, CEMAC Construction Corporation, CEMAC C/o Amigos Construction Corp., Amigos Construction Corporation, Amigos Construction Corporation d.b.a. CEMAC, CEMAC, John Doe I, John Doe II, and John Doe III.

MAK and Patrick Hurst on the Woods's claims of fraud, breach of contract, and negligence. On September 5, 2023, the jury returned a verdict against the Woods and in favor of Defendants MAK and Patrick Hurst.

{¶ 7} The Woods timely appealed the trial court's summary judgment ruling in favor of Hurst Construction, raising one assignment of error for our review:

> The trial court erred in granting Hurst Construction's motion for summary judgment because there are genuine issues of material fact.

## II. Law and Analysis

### A. Standard of Review

{¶ 8} We review an appeal from summary judgment under a de novo standard. *Cleveland Elec. Illum. Co. v. Cleveland*, 2020-Ohio-4469, ¶ 13-15 (8th Dist.), citing *Baiko v. Mays*, 140 Ohio App.3d 1, 10 (8th Dist. 2000). Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. *Id.*, citing *N.E. Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.*, 121 Ohio App.3d 188, 192 (8th Dist. 1997). Civ.R. 56(C) provides that before summary judgment may be granted, a court must determine that

> (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party.

{¶ 9} Civ.R. 56(C) also provides an exclusive list of materials that parties may use to support a motion for summary judgment:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule.

{¶ 10} The moving party carries the initial burden of setting forth specific facts that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). If the movant fails to meet this burden, summary judgment is not appropriate, but if the movant does meet this burden, summary judgment will be appropriate only if the nonmovant fails to establish the existence of a genuine issue of material fact. *Id*. at 293.

**B. Privity of Contract Required for Claim Against Subcontractor**

{¶ 11} The Woods's sole claim against Hurst Construction is that the company was negligent when it renovated the property, asserting that Hurst Construction owed the Woods an independent common-law duty to perform in a workmanlike manner. Hurst Construction argues that their duty arose solely out of their contract with MAK, and thus privity of contract is required to assert claims of defective workmanship. The resolution turns on whether the duty arose out of contract or tort.

{¶ 12} In order "[t]o survive summary judgment, the plaintiff must establish a prima facie case of negligence, i.e, duty, breach, and proximate cause of damage, that creates a genuine issue of material fact for trial." *Ohio Bell Tel. Co. v. Cleveland*, 2024-Ohio-1475, ¶ 12 (8th Dist.). Generally, "[t]he duty to perform in a

workmanlike manner is imposed by common law upon builders and contractors." *Zanesville Glass Supply, Inc. v. Goff*, 2008-Ohio-1243, ¶ 40 (5th Dist.), citing *Mitchem v. Johnson*, 7 Ohio St.2d 66 (1966); *Velotta v. Leo Petronzio Landscaping, Inc.*, 69 Ohio St.2d 376 (1982). However, where the duty to perform in a workmanlike manner is included in the express language of a contract, the duty arises out of contract if not performed. *Benchmark Constr. Co. v. Lima*, No., 2022 U.S. Dist. LEXIS 176576, at *32-33 (N.D. Ohio Sept. 28, 2022), citing *Warren v. Denes Concrete, Inc.*, 2009-Ohio-2784, ¶ 16 (9th Dist.) ("When a contract contains an express warranty in which a contractor undertakes a duty to perform in a workmanlike manner, a claim against the contractor for an alleged breach of that duty sounds in contract."); *see also Kishmarton v. William Bailey Constr., Inc.*, 93 Ohio St.3d 226, 228-229 (2001) ("[When t]he contract governs the warranty of good workmanship . . . the warranty of good workmanship arises from the contract. It can hardly be otherwise.")

{¶ 13} The MAK and Hurst Construction contract included a specific clause guaranteeing the workmanship associated with the contract for a period of one year. (*See* Exhibit A at ¶ 19 from Hurst Construction Defendants' Motion for Summary Judgment filed May 15, 2023). The Woods were not a party to the contract between MAK and Hurst Construction. Nevertheless, the Woods contend that the Ohio Supreme Court eliminated privity as a prerequisite to maintaining a cause of action for negligence in *McMillan v. Brune-Harpenau-Torbeck Builders, Inc.*, 8 Ohio

St.3d 3 (1983). However, that case involves a factual scenario that is distinguishable from the case at hand.

{¶ 14} In *McMillan*, plaintiffs, who were not the original buyers, sued the original builder-seller for negligence, claiming improper grading of the lot creating landslide conditions. The Ohio Supreme Court held that "[p]rivity of contract is not a necessary element of an action in negligence brought by a vendee of real property against a builder-vendor." *Id.* at syllabus. The Court stated that the duty of a builder-vendor to construct a home in a workmanlike manner runs to all vendees, both original and subsequent. *Id.* at 4. The Court likened a builder of a new home to a manufacturer of a product explaining that the builder is uniquely positioned to be aware of any latent defects with the home or property. Nevertheless, the Court stressed that a builder-vendor is not held strictly liable for all defects, "[o]ur holding establishes only the duty," and the plaintiff still must prove the elements of negligence. *Id.*

{¶ 15} The Woods argue that the holding in *McMillan* extends to Hurst Construction claiming that Hurst Construction was the general contractor on the project and arguably in the same position as a builder-vendor. However, Daniel Hurst testified, and the contract clearly states, that Hurst Construction was a subcontractor. (*See* Exhibit A of Hurst Construction Defendants' Motion for Summary Judgment filed May 15, 2023, Daniel Hurst Depo. R. 56 at p. 9.) Therefore, Hurst Construction was not in the same position as the builder-vendor in *McMillan*. This distinction is important because in Ohio, the appellate courts

"have maintained a distinction between a builder-vendor where privity of contract is not required, and a subcontractor, where privity of contract is necessary." *Lin v. Gatehouse Constr. Co.*, 84 Ohio App. 3d 96, 101-102 (8th Dist. 1992); citing *Vistein v. Keeney*, 71 Ohio App. 3d 92, 106 (11th Dist. 1990). "As a general rule, if a plaintiff brings an action sounding in tort and bases his claim upon a theory of duty owed by a defendant as a result of a contractual relationship, he must either be a party or privy to the contract in order to prevail." *Vistein* at 106.

{¶ 16} In *Keaton v. Rewoldt Constr., Inc.*, 1986 Ohio App. LEXIS 9504 (6th Dist. Dec. 31, 1986), the original owner contracted with the defendant to install a sewage system. Thereafter, the house was sold to plaintiffs who experienced problems with the system. Plaintiffs sued the defendant for negligence arguing that *McMillan*, *supra*, should be extended to subcontractors. The Sixth District declined to do so, affirming the trial court's grant of summary judgment in favor of defendant. *Keaton* at *9.

{¶ 17} Likewise in *Weiss v. Thomas & Thomas Dev. Co.* 1995 Ohio App. LEXIS 3210, at *9 (8th Dist. Aug. 3, 1995), the original homeowner hired a plumber to install a gas delivery system from a natural gas well to his house. The subsequent owner of the house was killed during an explosion caused by a malfunction in the gas delivery system. On appeal, the subsequent owner's estate argued that material issues of fact existed as to whether the plumber owed a duty to the subsequent owner and whether the plumber negligently designed and installed the system. This court declined to extend *McMillan*, *supra*, finding that the plumber did not owe a duty to

the subsequent homeowner that would sustain an action in tort because no privity existed between the plumber and the subsequent owner. This court relied on the holding in *Lin*, *supra*, wherein the court found that "privity of contract is required in a negligence action brought by a subsequent owner against a subcontractor." *Lin* at 102. The Ohio Supreme Court affirmed this court's ruling in favor of the plumber, stating that the court of appeals did not err in applying the law before it. *Weiss v. Thomas & Thomas Dev. Co.*, 79 Ohio St. 3d 274, 278 (1997).

{¶ 18} The facts in this case are more akin to the facts in *Keaton* and *Weiss* than to *McMillan*. Hurst Construction was not the builder-vendor, nor was Hurst Construction uniquely positioned to be aware of latent defects with the home or property like the builder-vendor in *McMillan*. Instead, Hurst Construction was hired by the owner, MAK, as a subcontractor to renovate the property. For these reasons, this court declines to extend *McMillan* to apply to subcontractors like Hurst Construction. Therefore, we find that the trial court did not err when it granted summary judgment in favor of Hurst Construction.[2]

{¶ 19} Accordingly, the Woods' sole assignment of error is overruled.

---

[2] We agree with the Woods that *Corporex*, 2005-Ohio-5409, is not exactly on point because the decision rests heavily on the economic-loss rule, which is not applicable here since the Woods do not allege purely economic loss. Nevertheless, it is clear from the trial court's brief explanation of its ruling that the court cited *Corporex* for the distinction between a duty in tort and a duty arising out of a contract.

## III. Conclusion

{¶ 20} The Woods' negligence cause of action fails because the evidence shows that Hurst Construction's duty arose from the contract with MAK, not from the common-law duty of workmanlike manner. When the duty allegedly breached by a defendant arises out of contract, the cause of action is one of contract, not tort. Further, that duty did not extend to the Woods because there is no privity of contract. Consequently, we find that there is no genuine issue of material fact and Hurst Construction was entitled to judgment as a matter of law. The trial court's ruling was proper.

{¶ 21} Judgment affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
ANITA LASTER MAYS, J., CONCUR